On the Merits.
In her suit for separation from bed and board, plaintiff’s complaint is, substantially, that, on account of the cruelty and bad treatment of her husband, his intemperance, and the cruel blows he has inflicted on her person, their living together is rendered a matter of impossibility.
The issue of the marriage was the child Edith, eight months old at the date the petition was filed, in July, 1906.
The defendant interposed no plea in the district court, and failed to appear.
On motion to confirm the default taken, testimony was introduced in support of plaintiff’s complaint. This testimony was pertinent, and made out a ease sufficient for judgment on the confirmation of the default.
On appeal, learned counsel in behalf of appellant urges that the judgment was rendered on the uncorroborated testimony of the mother-in-law ; that he (appellant) did not appear because he expected to receive notice to attend the trial on the merits; that he did not believe that his mother-in-law would exaggerate as she has in testifying in the case; that a certificate from defendant’s employer of the amount he paid defendant per month should not have been received in evidence; that the alimony allowed for the support of his wife and child was in excess of the one-third limit of his revenue. Defendant invokes the limit laid down in Civ. Code, art. 160; and, further, that the fact that he earned a stated salary per month was point-blank evidence of the mother-in-law’s exaggeration, for a person constantly under the influence of intoxicants, as she testified, would not be able to earn that amount per month.
In confirming the default, the judge of the district court left the child before named in the mother’s care to be reared.
We are quite certain that the defendant cannot have the judgment annulled ■ on appeal, on the ground that he had not received notice to 'appear and be present at the trial on the merits. The papers in the case were regularly served and return made. Defendant does not complain on this score.
The want of additional notice is not a legal ground of complaint. The papers were served in July. The default was entered, as shown by the court’s minutes, in October, 1906, and confirmed in November of the same year. It is therefore manifest that there was ample delay given to the defendant and sufficient notice.
The next point urged on appeal is that there was a letter introduced, written by defendant’s employer to plaintiff’s counsel, stating the amount defendant was receiving monthly; that is, $85.
*999 True, this was not admissible evidence; but it is not reversible error. It does not appear that by it the defendant has been prejudiced. On the confirmation of the default, it is a mere brutum fulmen, and, after excluding it, there remains enough to render the judgment and sufficient to confirm it on the appeal.
Counsel for plaintiff, relative to this letter, testified that he had satisfied himself by inquiry at defendant’s place of business or of employment of the amount defendant was earning, and with a view of supporting his testimony he offered this letter. ' °
It was an attempted corroboration, which did not corroborate. But he testified that he had, upon proper inquiry at the place of business of defendant’s employer, come into reliable information which enabled him to testify that the defendant was receiving per month the amount before stated.
His testimony was sufficient, particularly in view of the fact that it was on the confirmation of a default.
To the wife had been assigned a place at which to reside. She had complied with the order of the court, and had a right to an amount sufficient to support herself and child.
The case does not fall within the terms of the limit laid down in article 160 of the Oode. It is controlled by article 148 of the Civil Oode, as relates to alimony. Hill Case, 114 La. 44, 38 South. 14.
Moreover, if the amount were excessive, it would not he fatal to the judgment for a separation from bed and board. Defendant would not be entirely without remedy, if entirely unreasonable.
It does not appear to us that it is.
The defendant also attacks the judgment on the ground that his mother-in-law- testified too strongly against him, and that she alone is the cause of all the mischief.
Her testimony is not the only testimony before us. There is other testimony which goes far to corroborate her testimony in the cause. It is not because she is the mother-in-law, and doubtless sympathizes very much with her daughter, that we should presume for an instant that she exaggerated and as a witness did an injustice to the defendant.
Returning for a moment to the complaint that it is inconsistent to charge him with excessively indulging in intoxicants (as he was charged by his mother-in-law), and at the same time condemn him to pay’alimony of so large an amount, is ground sufficient to set aside the judgment, does not impress us. It does not prove that the testimony of either the charge of intemperance or the testimony in regard to the amount of the salary are false. Besides, the argument does not recommend itself at this stage of the case. If the defendant was a man of sober habits, and not the inebriate his mother-in-law said he was, he should have proved it on the trial.
It only remains for us to affirm the judgment.
It is therefore ordered, adjudged, and decreed that the judgment appealed from is affirmed.