### COLLINS *vs.* BRIGGS.

APPEAL FROM THE COURT OF THE EIGHTH DISTRICT, THE JUDGE OF THE THIRD PRESIDING.

Appearance in court and contesting the cause on any other ground than the want of citation, cures all defects in the citation of appeal.

A party who claims property under a contract, must first show the fulfilment of the condition on which the property in question was given.

This suit was brought by a minor above the age of puberty, assisted by a curator *ad bona* and one *ad litem.* It was a petitory action in which the plaintiff as sole heir of his deceased mother, claimed certain real property situated in the town of Madisonville, and of which the defendent was in possession.

The defendant denied the principal allegations of the petition, and cited in warranty his vendors, who then called Canfield their vendor in warranty.

The cause was tried upon the merits, and judgment was rendered in favor of the plaintiff, from which Canfield appealed. Service of the petition of appeal and citation was

made at the store of the curator *ad bona* of the plaintiff upon his clerk.

The plaintiff's counsel moved the court to grant an order for a *certiorari,* directed to the judge of the inferior court, in order to complete the transcript of record, as the clerk had not certified that the transcript contained all the testimony produced in the cause. The appellee resisted this motion because, as he alleged, owning to the great lapse of time, the required certificate could not be obtained. The court overruled the objection, and directed the mandate to be issued as prayed for.

At the last December term, the appellee moved to dismiss the appeal on the ground that he had not been properly cited in appeal. The court sustained this motion, and dismissed the appeal, but on the application of the appellant, a rehearing was granted; and afterwards the final opinion of the court was pronounced.

*Hoffman* and *Hill,* for appellants, contended:

1. That the appearance of appellee in this court and his opposition to the motion for a *certiorari,* amount to a waiver of any imperfection in citation on the appeal.

2. That there is error in the judgment, because no absolute right to the property in controversy, ever became vested in the ancestor of the plaintiff.

3. That it is not shown that the condition of the marriage settlement ever took effect. And if not, the title was never absolutely gone from the vendor of the appellant, until the time of sale.

4. That the plaintiff cannot claim by inheritance or descent, property that never in any way became vested in his ancestor.

5. That if any rights to the property in question ever had vested in plaintiff's ancestor, there was a full renunciation of the same in the act of sale made in this appellant.

*I. W. Smith, contra.*

PORTER, J. delivered the opinion of the court.
33

COLLINS
vs.
BRIGGS.

Appearance in
court and contest-
ing the cause on
any other ground
than the want of
citation, cures all
defects in the cita-
tion of appeal.

A motion is made to dismiss the appeal in this case, in consequence of the appellee not being legally cited. The objection would, as we have already intimated, be fatal, if the appellee had not appeared in this court, and contested the right of the appellant to obtain a *certiorari* to amend the record on matters independant of the want of citation. The rule has been long settled in this court, that appearance in court, and contesting the cause on any other ground than the want of citation, cures the defect. *See* 9 *Martin*, 497. 11 *ibid.* 20.

On the merits the case appears to be this. The plaintiff, as heir of his deceased mother, claims the undivided half of a house and three lots of ground in the town of Madisonville, together with fifty arpents of land in the parish of St. Tammany, in virtue of a marriage contract between his mother and one James Tate, made on the 22d of March, 1817. The clause in the marriage contract on which the plaintiff rests his demand, is in these words: " And further, in case the said intended marriage shall take place, in consideration thereof, the said James Tate doth agree to settle on the said Anne, and the heirs of her body to be begotten by the said James, one undivided half of a house and three lots of ground in the town of Madisonville; that is to say, the lot on which the said house stands, and the *two adjoining* westwardly, to contain one hundred and eighty feet front on the river Tchefuncta along St. Tammany-street, and northwardly one hundred and twenty feet; also fifty arpents of land on the east side of said river, conveyed *by J. Laurens* to the said Tate, who obligates himself to convey one undivided half of said fifty superficial, together with one half of a tract or parcel of land lying on the east side of Silver creek, held by conveyance from William P. Rose to the said James Tate, and his brother, Thomas Tate, together with the sum of two thousand dollars, at the death of said James Tate, if the said Anne should outlive him, to and for the use of the said Anne, and the heirs of her body; but in case of no issue, or that issue should die before marriage, or the ages of twenty-one, then, and in that case, at the death of said

Anne, the said estate is to return to the heirs of said James Tate; and it is agreed that the aforesaid property and money shall remain for the joint use and benefit of said James and Anne; and the said Tate doth hereby agree and oblige himself, his heirs, executors and assigns, that in case of his death before the said Anne, that they shall in one year thereafter, cause to be conveyed to the said Anne, the above described real estate, to and for her only proper use during her natural life."

If children had proceeded from this marriage, it is questionable if the contract would not have contained a substitution, and have been void. But as none such were born, the case may be considered on more obvious grounds. There appears to have been three contingencies contemplated by the parties. The property is given to the wife if she should outlive the husband; if she outlived him and had no issue, or said issue died before marriage, she was to have a life estate; and if there was issue which lived until marriage, then a complete estate vested in them. It is not proved the wife outlived the husband. The condition on which the property was given not being accomplished, the plaintiff can claim nothing under the contract.

*A party who claims property under a contract, must first show the fulfilment of the condition on which the property in question was given.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed; and it is further ordered and decreed, that there be judgment for defendants, with costs in both courts.