## ANANIAS · DUNBAR *v.* GEORGE W. OWENS and another.

Want of citation of appeal will be cured, where the party appears and contests the case on any other ground than the want of citation.

It is too late after all the parties are actually before the court, to move to dismiss the appeal on the ground that citation was not served within the time prescribed by law.

Dunbar v. Owens and another.

A prison-bounds bond will be binding, though it do not conform 'literally to the words of the statute; it is sufficient that it complies with it in substance. Thus, where a bond, instead of being made payable to the sheriff, is made directly to the party for whose benefit it was intended, such an informality cannot prevent the party interested from recovering on it. *Per Curiam:* Exemption of the debtor from imprisonment is a legal consideration for the bond; and every engagement entered into for a good and lawful consideration is binding, whatever be its form.

APPEAL from the District Court of West Feliciana, *Morgan*, J.

MARTIN, J. The petition charges that the plaintiff brought suit, and obtained judgment against one W. C. Harrison; that being arrested on a *cepias ad satisfaciendum*, his said debtor gave the defendants as sureties to keep the prison bounds; that he violated his engagement, by departing from the assigned limits of the prison; and that thereby the defendants have become responsible to the plaintiff, on their bond. The defendants admit their signatures, but aver that they cannot lawfully be made liable on the instrument sued on. There was no dispute below about the facts alleged, but the judge being of opinion that no recovery could be had on the bond, gave judgment for the defendants. The plaintiff appealed.

Two points have been made in this court:

*First.* That the appeal should be dismissed, because Owens, one of the defendants, was not cited to appear before the return day, and that this court had no authority to extend, as it did, the time for service.

*Secondly.* That the bond was not taken in pursuance of the statute; and that there was no transfer of it by the sheriff to plaintiff, as required by the 13th section of the act of 1808.

I. On the day on which the motion to dismiss was filed, the defendants made their appearance, and, pleading to the merits, averred that there was no error in the judgment appealed from, and prayed for its affirmance. They moreover filed points to show that the plaintiff had no right to recover. It has long since been settled here, that appearance, or contesting the cause on any other ground than the want of citation, cures the defect. See 9 Martin, 497. 5 La. 256. But besides this, the motion to dismiss came too late. It was filed long after the appellant had a citation on Owens regularly returned to this

court. Had the appellees wished to avail themselves of the appellant's *laches* in this particular, they should have exercised their right immediately, and not have waited until all the parties were actually before the court.

II. The words in the bond sued on, although they do not literally pursue those of the statute, are, in substance, the same, and, in our opinion, create the same obligations as if the very language of the act had been used. As to the want of a transfer of the bond to the plaintiff, it is easily accounted for by the fact that the defendants thought proper to obligate themselves directly to the plaintiff, thus rendering useless and impossible any such transfer. In this respect the bond does not conform to the statute ; but this court has repeatedly held, that every engagement entered into on a good and lawful consideration is binding, into whatever form the contract be thrown. Exemption to the debtor from confinement within the walls of a jail, was a legal consideration for this bond. But it is said that the law of the Recopilacion, under which the former decisions of this court were made on this point, having been repealed before this bond was entered into, they cannot now be invoked. Although those decisions profess to be based on a law of the Recopilacion, we apprehend that, in reality, they rest on the broad and firm basis of reason and common sense. When an instrument unites all the essentials to constitute a valid contract, it is difficult to conceive why it should not be binding, because made directly in the name of the party for whose benefit it was intended. The statute, it is true, seems to contemplate that, in such cases, the bond should be made in favor of the sheriff; but the plaintiff in the suit is the real obligee, to whom that officer is bound to transfer it, in the event of its becoming due. We cannot think that this alteration in the form of the instrument, vitiates it so as to prevent a recovery being had.

It is, therefore, ordered and decreed, that the judgment be annulled and reversed, and that the plaintiff recover from the defendants two hundred and sixteen dollars, thirty-seven and a half cents, $16 50 costs of court, $28 sheriff's costs, and interest on the sum of two hundred and sixteen dollars and thirty-seven and a half cents, from the 1st day of January, 1831,

at the rate of ten per cent per annum, until paid, with costs in both courts, not to exceed the penalty of the bond.

*Paterson, Weems* and *Dalton,* for the appellant.

*Boyle,* for the defendants.