---

(44 South. 818.)

No. 16,625.

MEYERS v. ROSENTHAL.

(Oct. 21, 1907.)

1. DIVORCE — ASSIGNMENT OF RESIDENCE TO WIFE.

Where, in a suit for separation from bed and board, the court assigns to the wife as her residence during the suit the residence of her mother, referring to that residence on a street named, the wife does not violate the order of the court if she accompany her mother when the latter changes her residence during the suit to another number of another street. The words of the order naming the street and number of the mother's original residence were mere words of description.

2. SAME—ALIMONY—LIABILITY OF SURETY.

In a suit brought by a wife against her husband for separation from bed and board, the husband was ordered by an interlocutory judgment of the court on a rule taken to pay his wife $40 per month during the suit as ali-

mony. The order was granted on a rule taken against the husband why he should not do so. He was granted a suspensive appeal from that judgment. The judgment was affirmed on appeal. After the judgment became final, the husband, after demand, refused to pay. The wife then caused a writ of fi. fa. to issue against the husband, which was returned nulla bona by the sheriff. The husband was then ruled into court for contempt, and the surety on the appeal bond ruled to show cause why he should not pay the judgment. On trial, the rule for contempt was discharged, but the surety was condemned to pay. Both parties have appealed suspensively. The surety claims that the writ should not have been returned before 70 days before being returned. That claim is *held* not well grounded, and the judgment is affirmed.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Thomas C. W. Ellis, Judge.

Action by Carrie Meyers against Solomon Rosenthal for separation from bed and board. Judgment for alimony was affirmed on suspensive appeal, and from a judgment against the surety on the appeal bond for the alimony, defendant and the surety appeal. Affirmed.

Benjamin Rice Forman, for appellants. John Curd Wickliffe, for appellee.

### Statement of the Case.

NICHOLLS, J. The plaintiff filed, in 1906, a suit seeking to obtain a judgment of separation from bed and board from her husband. In her petition she prayed that pending the suit the residence of her mother, No. 2315 Carondelet street, be assigned her as a residence, and that her husband be ordered to pay her the sum of $40 per month for the support of herself and son pendente lite. On a trial of a rule calling upon defendant to show cause why this incidental demand should not be granted, judgment was rendered by the court in June, 1906, ordering the defendant to pay his wife alimony at the rate of $40 a month from June 1, 1906, until further orders of the court.

On the 16th of June, 1906, defendant applied for and obtained a suspensive appeal from said judgment. He perfected this ap-

MEYERS v. ROSENTHAL.

peal by executing an appeal bond for a suspensive appeal for the sum of $250, with M. Giraud as the surety thereon.

The judgment appealed from was, on the appeal, affirmed by the Supreme Court. The pleadings and facts of the case will be found reported in 117 La. 786, 42 South. 270, under the title of "Rosenthal v. Rosenthal."

After the legal delays, and the return of the decree of the Supreme Court to the district court, and the same had been recorded, plaintiff's attorney called upon that of the defendant to pay the accrued alimony, and was answered by him that the defendant did not intend to do so and that he could take the proper remedy to enforce it. The former thereupon applied for and obtained on the 20th of November, 1906, a writ of fi. fa. against the property rights and credits of the husband in execution of the judgment. The writ was placed in the hands of the sheriff on the 21st of November, and he returned the same on the same day with the following indorsement:

"Received Nov. 21, 1906, and nothing realized. After due demand made on defendant, who failed to pay or point out any property with which to satisfy this writ, and after due demand on plaintiff's attorney, who stated that he knew of no property, this writ is returned nulla bona Nov. 21, 1906."

On November 23d, on the suggestion of plaintiff's attorney to this court that the Supreme Court had affirmed its order directing the defendant to pay the sum of $40 per month pendente lite to the plaintiff, beginning June 1, 1906, and that said decree of the Supreme Court had now become final and had been certified to the district court by the clerk of the Supreme Court and had been recorded upon the minutes of the district court—further suggesting "that the defendant had failed and refused to pay said order and pay said amount, or any part thereof"; further suggesting that "plaintiff

had caused to be issued a writ of fi. fa. directing the sheriff of the parish of Orleans to make the sum of $200, the amount of said alimony to date, out of the property rights and credits of said Solomon Rosenthal, the defendant, and that said civil sheriff had returned the said writ of fieri facias unsatisfied in whole or in part, with the return 'nulla bona' indorsed thereon"; further suggesting that the said alimony for the months of June, July, August, September, and October at the rate of $40 per month, amounting to the sum of $200, was then due and unpaid; further suggesting that M. Giraud signed the suspensive appeal bond of defendant as surety in the sum of $250 that defendant would comply with the decree of the Supreme Court; further suggesting that the plaintiff had resided with her mother, Mrs. Regina Meyers, as ordered by the court, during all of said time, and was so residing—it was ordered by the court that defendant, Solomon Rosenthal, show cause, if any he has or can, on Friday, November 30, 1906, at 11 o'clock, in court, why he should not be adjudged in contempt of the authority of the court in failing and refusing to pay the alimony as above set out and punished accordingly. It was further ordered by the court that the said surety, M. Giraud, be ordered on said day and hour last mentioned to show cause to the court, if any he has or can have, why judgment should not be rendered against him as surety on said appeal bond in favor of the plaintiff for the said sum of $200, the accrued alimony, with interest thereon at the rate of 5 per cent. per annum from November 23, 1906, until paid, and why execution should not issue against him.

The defendant, Rosenthal, in answer to the rule for contempt, averred that prior to the presentation of the rule to his attorney for acceptance no demand had been made upon him to pay the said judgment for ali-

mony referred to in the rule; that he was informed and believed, and so averred the fact to be, that the plaintiff on or about the 6th of June, 1906, removed from the house appointed by the judge, and according to article 148 of the Revised Civil Code "the husband cannot be compelled to pay alimony unless the wife proves that she has constantly resided in the house appointed by the judge," and this constantly residing in the house is a condition precedent to her rights to recover the payment of alimony.

The surety, Giraud, in answer to the rule taken on him, excepted that it disclosed no cause of action, because it does not allege that a writ of fieri facias was issued, and after a demand upon both parties was returned "No property found" on the return day, and, if returned, it was returned prematurely. Contingently upon said exception being overruled, he answered that the plaintiff, on or about the 6th or 8th of June, 1906, removed from the residence No. 2315 Carondelet street, assigned to her by the court, and thereby forfeited her right to demand alimony under the law, and respondent was thereby released from any obligation on the bond.

On the 1st of March, 1907, the district judge rendered judgment against M. Giraud on the rule taken against him as surety on the suspensive bond for the sum of $200 (as accrued alimony at the date of the fixing of the rule), with interest from date of the judgment. It dismissed the rule against the defendant, Rosenthal, for contempt of court, declaring:

"That plaintiff was pursuing the surety on defendant's suspensive appeal, and had on that day obtained a judgment against the surety. When there is possibility of collecting the payment for alimony by the usual civil remedies, he did not see why he should punish the defendant for contempt."

Rosenthal and Giraud applied for and obtained an order for a suspensive appeal to the Supreme Court. Appellee's counsel in his brief suggests that, the rule for contempt against Rosenthal having been dismissed, he has nothing to appeal from by reason of that judgment, and that he has no interest to appeal from the judgment against Giraud.

It is urged in this court that the writ which was issued against Rosenthal was prematurely returned; that it was "returnable within seventy days"; that it might have been made returnable in 30 days, but counsel for plaintiff had the writ issued within 70 days. In support of this position counsel cite Lynch v. Burr, 10 Rob. 139.

Appellants urge in their brief: That under section 3724 of the Revised Statutes no suit should be instituted against any security on an appeal bond until the necessary steps should have been taken to enforce payment against the principal.

That the record discloses that the plaintiff procured a writ of judicial sequestration against the defendant to sequester the community property. That notice of seizure thereunder was given. That an inventory of community property to the value of $1,022 was made. That on the 12th of April, 1902, the court ordered the property under sequestration to be sold by the sheriff at auction and the proceeds deposited in the bank paying interest on deposits. That it therefore appears from the record that the sheriff had under sequestration in his possession, at the time the writ of fi. fa. was issued, property of the defendant out of which the amount of the writ might have been made, and therefore, when he had made his return of nulla bona, he made an untrue return. He urges that the judgment against the surety on the bond is erroneous, and he prays that it be reversed, and the rule against him be discharged, with costs in both courts, and that the court decree that the plaintiff is not entitled to any alimony from the 3d of June, 1906, to the 19th of November, on the grounds

that she did not reside during that period in the house assigned to her by the court.

## Opinion.

The claim that the sheriff had in his hands at the time the writ of fi. fa. was issued and when it was returned property belonging to Rosenthal was not made in the pleadings, and no evidence to that effect was introduced on the trial of the rule. It was raised for the first time in this court in argument. The evidence taken in the district court on the trial of the rule shows that the mother of the plaintiff changed her residence from 2315 Carondelet to 1727 Valence street, and that the plaintiff accompanied her and resided with her there at the new residence; that plaintiff's counsel on the 19th of November called the court's attention to this change, and it ordered that the residence of the mother, No. 1727 Valence street, be assigned as that of her daughter. The district judge evidently considered that the residence which was assigned by him to the plaintiff was at the residence of plaintiff's mother, Mrs. Caroline Meyers, and that the words "2315 Carondelet street" were merely descriptive of where that residence was at that time. Counsel say that he so declared verbally when he passed on the case. We find no error in that view of the case, even if it were an open question, after the court had by its decree determined as it did the question of the liability of the defendant to pay alimony. In making up the transcript in this case the clerk of court seems to have copied therein everything which occurred during the pendency of that suit, whether or not on the trial of the rule. It comes to our knowledge in that way that the plaintiff in a petition to the court claimed that her husband had possession of her dotal and paraphernal property belonging to her, and also certain movables belonging to the community, and that she

feared that he would during the pendency of the suit ruin and waste her paraphernal property and would conceal part, and part with and dispose of the community property, and that the court at her instance ordered a judicial sequestration of the property to be made by the sheriff and held by him until its further orders.

At a later date, at the suggestion of defendant's attorney to that effect, and without opposition from plaintiff, the court ordered the property to be sold and the proceeds of sale to be deposited in the bank to await the final decision of this cause. It does not appear in the transcript, but we presume that this was done as ordered. The main case has not yet been tried, and, of course, no decision has been rendered. If the funds are in bank, they are there by order of the court to await the final decision in the case, and not to be applied pendente lite to the support of the plaintiff and her child. Suberville v. Adams, 46 La. Ann. 125, 14 South. 518. The object of the law as to allowance of alimony pendente lite would be defeated, were it in the power of the husband to postpone the payment of alimony until a litigation between him and his wife had been closed by a final decree, which final decree could not be foretold. We should have mentioned that, pending the suit, the husband, before the issuing of the judicial sequestration, had sold a part of the property which he had in his possession.

This proceeding, so far as the defendant, Rosenthal, is concerned, was limited in the district court to ascertaining whether he had violated the order of the court (by which he had been directly ordered to pay alimony to his wife) under circumstances and conditions such as to call for his imprisonment for contempt. On that issue he was found not guilty, and the correctness of that judgment is not questioned by plaintiff. The judgment on the original rule remained unaffected by the

rule for contempt and the decision therein. The order to him (defendant) to pay remains, and is still in full force and effect. That judgment is not one which simply fixed the liability of the defendant and liquidated the amount of the liability, leaving its execution to be carried out by and through the sheriff under a writ of fi. fa., and calling for no action by the defendant himself towards the execution. It went legally beyond the terms of an ordinary judgment rendered for a technical debt by a direct order decreeing that the defendant himself should "do" something; that is, pay the debt. The legality of that order was tested and determined on the judgment heretofore rendered by this court on the suspensive appeal therefrom, and the issues raised and decided on that original rule are not now open to re-examination. When the appellant Giraud consented to become surety on the bond for the suspensive appeal, he expressly agreed to render himself liable for payment of the judgment, should the court's order and decree be upheld. The defendant has expressly announced his determination not to comply with the order, and has been placed in default in respect thereto. Plaintiffs called the surety into court on a rule to show cause why he himself should not pay, and he was given an opportunity to advance any cause which he could urge for not doing so. That rule was tried and decided without objection on his part. We do not think that the objections which he urges have any force. We do not think that the sheriff was legally required under the circumstances of this case to hold the writ of fi. fa. for 70 days. It would serve no good or useful purpose that this should be done. Such requirement would defeat the object of the statute, which is to accord prompt relief to the wife and children.

The judgment appealed from is correct, and it is hereby affirmed.