158 So. 357

## BROUILETTE v. MALLET.

No. 32879.

Nov. 26, 1934.

Rehearing Denied Jan. 7, 1935.

Lewis & Lewis, of Opelousas, and Lester Bordelon, of Marksville, for appellant.

L. Austin Fontenot and Jared Y. Fontenot, both of Opelousas, for appellee.

BRUNOT, Justice.

This case was recently before us on an incidental demand for alimony. 157 So. 594. It is now submitted on the merits, on the plaintiff's appeal from a judgment dismissing the suit at her cost.

It is alleged in the petition that the litigants were married on April 21, 1928, and that, by mutual consent, they separated on December 3, 1933. During the years of their

marital relations four children were conceived by the plaintiff, two of whom were delivered in the fetus stage, the other two normally, both of whom are now living. One is a boy of approximately four years of age; the other is a girl about two years of age. It is alleged that, when the litigants separated, it was mutually agreed that the defendant would promptly sue the plaintiff for a separation a mensa et thoro, upon the ground of abandonment; but that the defendant failed to observe that part of the agreement, and, therefore, the plaintiff instituted this suit.

After alleging that the plaintiff has consistently deported herself as a dutiful, affectionate, and helpful wife, she specifically charges, as grounds for the decree for which she prays: First, that her husband's habitual intemperance, excesses, and continuous cruel treatment rendered their living together insupportable. Second, that in 1929 her husband, in a fit of rage, seized her by the throat, choked her severely, and threw her across the bed. Third, that her husband has publicly defamed her character as a wife and a woman. Fourth, that, while in a tantrum, her husband twice threatened her with a pistol, once at night, while in their bedroom, and once while in their bathroom.

All of the foregoing charges are amplified and set forth at great length in the plaintiff's petition, but all of said alleged facts are specifically denied by the defendant, who fur-

ther pleads that the acts complained of, if true, were condoned by the plaintiff's continuing to live with him thereafter as man and wife. The case went to trial on these issues with the result stated supra.

The learned trial judge, after quoting C. C. arts. 152 and 153, held that the alleged choking of the plaintiff, by defendant, in 1929, had not been proven, but, if the court thought otherwise, the incident had been condoned by a continuance of the marital relations of the spouses for about four years thereafter. He also found as a fact all other charges made in the petition, as well as others which were testified to by the plaintiff, without objection, were disproved by a fair preponderance of the evidence. Thirteen witnesses testified in the case, two for the plaintiff, other than herself, and nine for the defendant, other than himself.

The plaintiff testified to every fact alleged by her, but her testimony, as to no material fact other than the incident of July 15, 1929, was corroborated by a single witness. On the contrary, the preponderance of the evidence disproves her contentions.

We therefore feel that no useful purpose would be served by summarizing the testimony of the servants and other inmates of the litigants' house, or of the more disinterested witnesses called in the case.

For the foregoing reasons the judgment appealed from is affirmed at appellant's cost.