O’NIELL, Chief Justice
 

 (dissenting).
 

 The defendant, in her prayer for alimony pendente lite, does not rely upon any'provision in article 142 of the Civil Code. That article does not deal with the subject of alimony. The article which deals with the subject of alimony pendente lite, andón which the defendant relies, is article 148, which, as amended by Act No. 130 of 1928, and in the plainest language that could be used, declares:
 

 “If the wife has not a sufficient income for her maintenance pending the suit for
 
 *617
 
 separation from bed and board or for divorce, the judge
 
 shall allow her, whether she appears as plaintiff or defendant, a sum for her support,
 
 proportioned to her needs and to the means of her husband.” (The italics are mine.)
 

 The expression, “the judge shall allow her, whether she appears as plaintiff or defendant,” leaves no room for interpretation, as to whether the wife must be the plaintiff, in order to have an allowance for her support during the pendency of a suit for divorce, or for separation from bed and board. Béfore this article of the Civil Code was amended by Act No. 130 of 1928, it did not contain the clause “whether she appears as plaintiff or defendant,” but it did contain a paragraph to the effect that the wife would not be entitled to alimony pendente lite unless she resided continuously in the house assigned to her by the judge. The deleting of that paragraph, by the act of 1928, has as much significance as the adding of the clause “whether she appears as plaintiff or defendant.” The effect of the amendment is to give to the wife, “if the wife has not a sufficient income for her maintenance pending the suit for separation from bed and board or for divorce,” the
 
 absolute
 
 right to an allowance for her support, whether she is the plaintiff or the defendant in the suit, and wherever she resides, so long as she is either actually or constructively within the jurisdiction of the court. The article is founded upon the obligation of the husband to support his wife as long as the marriage remains undissolved. The right of the wife in that respect is so zealously protected that she may demand that the husband shall support her even during the pendency of a suit for
 
 annulment
 
 of the marriage. See State v. Loyacano, 135 La. 945, 66 So. 307, cited with approval in Succession of Barth, 178 La. 847, 851, 152 So. 543, 91 A.L.R. 408. It has been held consistently that the right of a wife, in necessitous circumstances, to have the financial support of her husband during the pendency of a suit for divorce or for separation from bed and board, is not dependent upon the merits of her case, or upon the outcome of the suit, because the right of the wife in that respect is founded upon the obligation of the husband to support the wife as long as the marriage remains undissolved. LeBeau v. Trudeau, 1 Mart. (N.S.) 93; Lauber v. Mast, 15 La.Ann. 593; Holbrook v. Holbrook, 32 La.Ann. 13, 16; Suberville v. Adams, 46 La.Ann. 119, 125, 14 So. 518; Brouilette v. Mallet, 180 La. 787, 157 So. 594, 595. In the latter case, where the wife lost her suit for separation from bed and board, in the district court, and appealed to this court, it was held that she was entitled to alimony pendente lite, until the case would be finally decided on appeal. We said:
 

 “This court has interpreted R.C.C. art. 148, as amended, to be mandatory in character, and enforceable so long as a suit for separation from bed and board [or divorce] is pending in the courts, whether in the court of original jurisdiction or in the appellate court. * * *
 

 “It is a well-recognized and accepted rule in this state that, as long as the relation of husband and wife exists, the hus
 
 *619
 
 band is under a legal obligation to support his wife, and the relation of husband and -wife can be terminated only by death or a final decree of a competent court.”
 

 When the case of Brouilette v. Mallet, 180 La. 976, 158 So. 357, came up on its merits, the court affirmed the judgment of the district court, rejecting the wife’s demand for a separation from bed and board.
 

 There is nothing whatever in article 142 of the Civil Code, even as amended by Act No. 1 of the Second Extra Session of 1934, that conflicts with — or modifies — the mandatory provisions of article 148.
 

 The only basis for the husband’s pleading, in this case, by way of demurrer, or exception of no cause or right of action, that his wife has no right to an allowance for her support during the pendency of this suit, is the erroneous idea that a wife’s right to alimony pendente lite is not a
 
 right,
 
 but a
 
 remedy,
 
 or
 
 conservatory measure.
 
 That error is repeated in every paragraph of the demurrer; which is quoted literally in the prevailing opinion in this case. 183 La. 588, 164 So. 599. And the same error — the characterizing of the
 
 right to alimony
 
 pendente lite as a
 
 remedy or conservatory measure
 
 — is repeated in the prevailing opinion.
 

 The defendant pleads that his wife is not entitled to alimony pendente lite “because this suit is predicated on article 142 R.C.C., as amended by Act No. 1 of the Second Extra Session of 1934,
 
 which grants only to the plaintiff the remedies and conservatory measures granted by law to married women.”
 
 (The italics are mine.) Then it is pleaded “that the mover in rule [the wife] is not plaintiff in this suit, and, therefore, is not entitled to the remedies and conservatory measures granted by law to married women.” And so it is reasoned out that, as the right to alimony pendente lite is a
 
 remedy or conservatory measure,
 
 and, as article 142 “grants only to the plaintiff the remedies and conservatory measures granted by law to married women,” and, as the wife in this instance is not the plaintiff in the suit,
 
 ergo,
 
 she is not entitled to alimony pendente lite. All of’ which philosophizing is founded upon the false premise that the right to. alimony pendente Hte, or the right of the wife to demand an allowance for her support during 4he pendency of a suit for divorce or for separation from bed and board, is not a matter of
 
 right,
 
 but is one of the remedies or conservatory measures referred to-in the declaration in article 142 of the Civil Code: “The plaintiff shall be entitled to all the remedies and conservatory measures granted by law to married women.”
 

 The theory and the reasoning in the plaintiff’s demurrer in this case is adopted in the prevailing opinion. In the opinion it is said (183 La. 597, 164 So. 601):
 

 “Therefore, article 142 of the Revised Civil Code, as amended, being an exception to the general rule, must be considered first by itself, and
 
 any limitations placed therein upon the rights, remedies and conservatory measures of either party to a suit brought under its provisions must be observed and enforced.”
 
 (The italics are mine.)
 

 
 *621
 
 I have italicized the clause which, obviously, means that the granting to the
 
 plaintiff only,
 
 in a suit brought under article 142 of the Civil Code, of the remedies and conservatory measures granted by law to married women, is a limitation “placed therein upon the rights, remedies and conservatory measures of either party to a suit brought under its provisions,” and that this limitation “must be observed and enforced.” That is the same as to say that, as “the remedies and conservatory measures” are granted not to the defendant but only to the plaintiff, this limitation must be observed and enforced, to the extent of withholding from the wife the right to an allowance for her support during the pendency of the suit, if she is not the plaintiff in the suit. Of course, this reasoning fails if the term “remedies and conservatory measures,” as used in the declaration in article 142 of the Civil Code —“the plaintiff shall be entitled to all the remedies and conservatory measures granted by law to married women” — does not have reference to the wife’s right to alimony pendente lite. In the paragraph which I have quoted, from the majority opinion, the words “rights, remedies and conservatory measures” are used, as if “rights” and “remedies or conservatory remedies” were one and the same thing. But I shall endeavor to point out later in this opinion that “rights” and “remedies and conservatory measures” are not one and the same thing, or convertible terms. Article 142 of the Civil Code does not put any “limitation” upon the
 
 rights
 
 “granted by law to married women.” The word “rights” is not used in article 142 of the Civil Code, but only the term “remedies and conservatory measures granted by law to married women.”
 

 It is said in the prevailing opinion in this case (183 La. 597, 164 So. 602): “Consequently, articles 142 and 148 have no relation to each other, except as specifically provided for in the special law or article 142.” Article 142 does not purport to be a special law. Whether it is a special law or a general law, however, is a matter of no importance in this proceeding. There is nothing in the article to indicate that the provisions of article 148 shall not apply to a suit brought under the provisions of article 142. I understand that what the court means by the expression, “except as specifically provided for in the special law or article 142,” is that it is “specifically provided” that “the plaintiff shall be. entitled to all the remedies and conservatory measures granted by law to married women,” but is not “specifically provided” that the
 
 defendant
 
 is entitled to any such remedies or conservatory measures:
 
 ergo,
 
 the wife is not entitled to alimony pendente lite if she is not the plaintiff in the suit.
 

 As I have said, the fallacy in the plaintiff’s plea, that his wife is not entitled to alimony pendente lite because she is not the plaintiff in the suit, is in the confusing of
 
 rights
 
 with
 
 remedies and conservatory measures.
 
 A remedy is the corollary of a right. If a right were itself a remedy, there would be no meaning in the maxim that for every right there is a remedy. The Civil Code itself, in article 230, defines alimony as a right, a substantial right, and not a remedy or conservatory
 
 *623
 
 measure, viz.: “By alimony we understand what is necessary for the nourishment, lodging and support of the person who claims it. It includes the education, when the person to whom the alimony is due, is a minor.” Surely, the right to “what is necessary for the nourishment, lodging and support” of a person is not a remedy or conservatory measure. Ballentine’s Law Dictionary defines “remedy” as “the means by which the obligation or the corresponding action is effectuated,” and the author adds: “The ‘remedy’ is to be distinguished from the ‘cause of action,’ and also from the ‘relief sought.’ ” Webster’s New International Dictionary defines the word “remedy,” in its law sense, as “the legal means to recover a right, or to prevent, or obtain redress for, a wrong.”The same author defines the word “conservatory” as “having the quality of conserving or preserving.” The word has reference to the conserving or preserving of an estate, or property, not a wife or child. The same authority defines “measure,” in its law sense, as “a means to an end.” I assume that the redactors of article 142 of the Civil Code, originally, and the redactors of Act No. 1 of the Second Extra Session of 1934, selected their words carefully, and, observing the distinction between rights and remedies, did not intend that the term “remedies and conservatory measures” should mean the right to alimony pendente lite.
 

 As a matter of fact, the third paragraph of Act No. 1 of the Second Extra Session of 1934,' which was the second paragraph of article 142 of the Civil Code before ft was amended by the act of 1934, and which contains the clause that “the plaintiff shall be entitled to all the remedies and conservatory measures granted by law to married women,” is not at all appropriate to a suit brought under the second paragraph of the act of 1934; which paragraph is the only new matter in the article. The third paragraph of the act of 1934, which was the second paragraph of article 142 before it was amended by this new act, is the following paragraph, viz.:
 

 “In such cases an attorney shall be appointed by the Court to represent said absent defendant'; the plaintiff shall be entitled to all the remedies and conservatory measures granted by law to married women, and the judgment rendered in such case shall have force and effect in the same manner as if the parties had never left the state or were both residents thereof.”
 

 That paragraph was in the article of the Civil Code before it was amended by the act of 1934, and was appropriate to a suit brought under the first paragraph of the article. These two paragraphs are retained, word for word, in the article as amended by the act of 1934. The only change made by the act of 1934 is the insertion, between the two original paragraphs, of the cause of action for a divorce, on the ground of separation for two years, under the conditions specified in the new paragraph. Before the article was amended by the act of 1934, it gave only to a married woman who formerly resided in this state and had had a matrimonial domicile in this state the right to
 
 *625
 
 sue her husband residing in another state, for separation from bed and board, for a cause of action arising outside of the state, and by service of citation upon an attorney appointed to represent the nonresident defendant. In order for the wife to have such a right of action, she must return to the place where the marriage was contracted in this state, or to her former domicile in this state, with the intention of residing here. The same rule applies to an action by the wife for separation of property, against a nonresident husband, under the provisions of article 2437 of the Civil Code. It was so decided in Hyman, Lichtenstein & Co. v. Schlenker & Hirsch, 44 La.Ann. 108, 10 So. 623. The opinion in that case is quoted very extensively in the majority opinion in this case; but I do not consider the opinion cited as being relevant to the issue presented in this case. The ruling in the case cited was merely that a suit for
 
 separation of prop
 
 erty, under article 2437 of the Civil Code, like a suit for
 
 separation from bed and
 
 board, under article 142, could not be instituted successfully unless the wife first returned “to the domicile where her marriage was contracted,” in Louisiana, with the intention of residing here permanently. In order to have a right of action for separation from bed and board, under article 142, the wife must return either to the place where the marriage was contracted, in this state, or to the domicile which she had in Louisiana previous to the marriage. Of course, in the sense that a wife has no right of action for separation from bed and board, under the first paragraph of article 142 of the Civil Code, unless she first returns, animo manendi, to the place where the marriage was contracted, in this state, or to her former domicile in this state, she cannot obtain alimony pendente lite without returning to Louisiana, animo manendi. All of which means nothing more than that there can be no alimony pendente lite without the pendente lite, or, grammatically speaking, without the lis pendens.
 

 Putting aside the fact that the term “remedies and conservatory measures” does not mean alimony pendente lite, I have said that the third paragraph of the act of 1934, which was the second paragraph of article 142 before it was amended by the act of 1934, is not appropriate to the second paragraph of the act of 1934. In the first place, it is not appropriate to say, “In such cases an attorney shall be appointed by the Court to represent said absent defendant,” because the second paragraph of the act of 1934 declares that “such person seeking divorce [which is obtainable only under this new paragraph] shall be entitled to secure service on the dependent [meaning defendant]
 
 either by personal service or by substituted process through appointment of a curator ad hoc to represent such defendant if absent from 'the state.”
 
 (The italics are mine.) Why, after that statement, should the Legislature say, “In such cases
 
 an attorney
 
 shall be appointed by the Court to represent
 
 said absent defendant”?
 
 (The italics are mine.) The appointment of an attorney to represent the absent defendant was, and is yet, necessary in a suit brought under the first paragraph of article 142 of the Civil Code, because the sole purpose of the article orig
 
 *627
 
 inally was to provide for a suit against a nonresident. But it is not so with regard .to the new paragraph in the act of 1934. In a suit brought under this new paragraph, the defendant must be cited by personal service upon him or her if he or she is in the state, or by service upon a curator ad hoc if the defendant is absent from the state. Another reason why the provisions in the second paragraph of the original article 142 are not appropriate to a .suit brought under the provisions of the second paragraph of the act of 1934 is that, if the husband is the plaintiff in such a suit, it would not be said that he “shall be entitled to all the remedies and conservatory measures granted by law to married women.” These “remedies and conservatory measures,” referred to in article 142 of the Civil Code, are defined in article 149, thus: “During the suit for separation, the wife , may, for the preservation of her rights, require an inventory and appraisement to be made for the movables .and immovables which are in [the] possession of her husband, and an injunction restraining him from disposing of any part thereof in any manner.” Obviously, the reason why it was deemed expedient to -provide in article 142 of the Civil Code ■that the plaintiff, suing under the provisions of that article, as originally written, should be entitled to all of the remedies and •conservatory measures granted by law to ■married women, is that, before the article was amended by the act of 1934, such a :suit was, essentially, a suit against a nonresident, and by substituted process; and ■it might-well have been doubted whether ?ihe plaintiff in such a suit would have been entitled to the conservatory writs and remedies unless they were especially allowed in article 142. But there is no reason why a man should be said to be entitled to the remedies and conservatory measures granted by law to married women. And, if the words “remedies and conservatory measures” were intended to include alimony pendente lite, as suggested in the majority opinion in this case, a literal interpretation of the article would lead to the absurd conclusion that the husband is entitled to alimony pendente lite if he is the plaintiff in such a suit.
 

 It is said in the majority opinion in this case (183 La. 597, 164 So. 602) that, if the Legislature had intended that the third paragraph of the act of 1934 should not apply to cases arising under the second paragraph of the statute, there would have been no necessity for changing the position of the paragraph allowing the plaintiff all of the remedies and conservatory measures granted by law to married women; hence it is said to appear to the majority of the members of the court that it was not a “mere accident that the Legislature made this change in the position of that particular paragraph and that it had a purpose in doing so.” I respéctfully submit that, if it had been the deliberate purpose of the Legislature to withhold from the wife the right to alimony pendente lite under article 148 of the Civil Code, in a suit brought against her under the provisions of the new paragraph which was inserted in article 142 of the Civil Code, the Legislature would have said so in plain and unambiguous language in the act of 1934. I do not believe that the Legislature intended to
 
 *629
 
 make such an important amendment of the law by the doubtful method of placing the second paragraph of the original article 142 of the Civil Code behind the newly inserted paragraph, and by assuming that the courts would interpret the words “remedies and conservatory measures” as including the right to alimony pendente lite. It is certain that the words “remedies and conservatory measures” did not have reference to the right to alimony pendente lite before article 142 of the Civil Code was amended by the act of 1934.
 

 It is said in the majority opinion in this case (183 La. 600, 164 So. 603) that a married woman would not have a right of action for divorce on the ground of separation from her husband for two years, .under the act of 1934, if she alleged in her petition in such a suit that she had not returned to her residence or domicile in this state, or to the place where the marriage was contracted in Louisiana. But we must bear in mind that the act of 1934, in allowing a divorce on the ground of separation of the married couple for two years, does not provide for the dissolution of a marriage contracted in Louisiana, but provides expressly and only for the dissolution of a marriage contracted “in another state.” The wife, in this instance, cannot “return” to her residence or domicile in this state, or to the place where the marriage was contracted in Louisiana, because she did not have a residence or domicile in this state before she was married, and the marriage was not contracted in this state. The only sense in which the wife has a domicile in this state now is that the domicile of the husband is, in legal contemplation, the domicile of the wife.
 

 It is said in the majority opinion in this case (183 La. 609, 164 So. 605) that the law requires that the wife shall present herself at the domicile of her husband and demand that he receive her and support her; and that, if he refuses to receive her, the state places at her disposal, for her protection, all of the general laws of the state, including the remedies and conservatory measures granted by law to married women who reside in this state. The case of Clark v. Clark, 145 La. 740, 82 So. 875, is cited in support of that doctrine. But the doctrine is applicable only to an action for separation from bed and board on the ground of
 
 abandonment.
 
 The cause of action in the present suit is not
 
 abandonment.
 
 All that the plaintiff alleges, in that respect, is that he has returned to this state and has lived separate and apart from his wife for a period of two years. All that the statute requires, in that respect, is that, in order to obtain the divorce, the husband or wife, as the case may be, shall “return to this state and remain^and live separate and apart for a period of two years from the spouse acquired in said latter marriage.” I respectfully submit, therefore, that the wife, in this instance, may not be at fault for her failure to offer to come to Louisiana and live with her husband, if in fact she did fail in that respect. We have not yet come to the merits of this case. And, as I have pointed out, the right of the wife to have an allowance for her support while she is defending the suit does not depend upon the merits or the outcome of the case. It is
 
 *631
 
 alleged in the plaintiff’s petition that his wife has employment at which she is earning $65 per month, hence he offered to deposit in court $35 per month as alimony pendente lite, and he did deposit that sum monthly, four times. Why should the wife have to abandon her employment, and her wages, and come to Louisiana and live here alone during the pendency of this suit, in order to be entitled to alimony pendente lite? Alimony pendente lite is something very different from the alimony which a husband may be condemned to pay in a final judgment of divorce.
 

 In the majority opinion in this case (183 La. 595, 596, 164 So. 601) is a review of the jurisprudence maintaining the fundamental rule that the courts of this state have not jurisdiction over a suit for divorce or for separation from bed and board unless one of the parties to the marriage is a resident of this state. At the end of the review of the decided cases it is said that all of the general laws on'the subject of marriage and divorce, and of separation from bed and «board, apply only to residents or citizens of this state, and to all persons subject to the jurisdiction of the courts of this state. I respectfully submit that, if the court in this instance has jurisdiction over the suit for divorce, surely the defendant is subject to the jurisdiction of the court. It must be conceded that she is subject to the jurisdiction of the court
 
 during the pendency of this suit,
 
 because she excepted to the jurisdiction of. the court and her exception was overruled. The fact that her being subjected to the jurisdiction of the court is not with her consent is no reason for. denying her the right to alimony pendente lite.
 

 In the majority opinion in this case (183 La. 607, 164 So. 605) decisions are cited, from the courts of other states and from this court, in support of the cardinal rule of statutory construction, which is written in article 13 of the Civil Code, to the effect that, when a law is plain and free from ambiguity, the letter of it is not to be disregarded, under the pretext of pursuing its spirit. Perhaps the best form of expressing the rule is in the quotation in the majority opinion in this case, from Lemonius v. Mayer, 71 Miss. 514, 14 So. 33, 35, viz.:
 

 “A primary rule of construction is that the legislature must be assumed to have meant precisely what the words of the law as commonly understood import, and this may be said to be the fundamental and controlling rule of construction.”
 

 I respectfully submit that, if we apply that rule to articles 142 and 148 of the Civil Code, as amended, and if we take the words “remedies and conservatory measures” in the sense in which they are “commonly understood,” the defendant in this case is entitled to alimony pendente lite.
 

 I concede that the so-called “judicial confession” which the plaintiff made in his original petition and in his supplemental petition, in this case, to the effect that the defendant was entitled to alimony pendente lite,' does not have- the effect of an estoppel. The allegation was merely an interpretation of the law bn the subject. But I consider it .worthy of consideration that
 
 *633
 
 the plaintiff’s first impression, or that of his attorney, in bringing this suit, was that Act No. 1 of the Second Extra Session •of 1934 was not intended to deprive the defendant of her right to alimony pendente lite, under article 148 of the Civil Code.