MARIE LAUBER *v.* JOSEPH MAST.

It is proper, in deciding whether one single act of cruelty on the part of the husband towards the wife, is sufficient to entitle her to a separation from bed and board, to take into consideration the age, habits and mode of life of the parties.

Although a wife fails in an action for separation from bed and board, she is nevertheless entitled to alimony during the pendency of the suit.

APPEAL from the District Court of the Parish of St. Martin, *Simon*, J. *Deblanc & Fuselier*, for plaintiff and appellant. *Simon & Gary*, for defendant and appellee.

MERRICK, C. J. This is a suit for a divorce *a mensa et thoro*, and for the recovery of the paraphernal effects of the wife. The ground alleged for the divorce is, the cruelty and excesses of the husband, which render living together insupportable.

The proof shows, that the parties had lived together harmoniously for fifteen years, and the only act of cruelty on the part of the defendant was that of turning plaintiff out of doors on a single occasion, and subsequently forbidding her to return, unless he sent for her, stating, that if she did so return, he would drive her away with his cowhide.

The defendant, however, in his answer, states, he is willing to receive the plaintiff at his domicil, and live with her.

The District Judge, in view of the age, habits and mode of life of the parties, was of the opinion, that the single occurrence proved was not sufficient to establish the allegation that the defendant's conduct was such as to render the living with him insupportable.

Under the authority of the cases of *Fleytas* v. *Pigneguy*, 9 La. 420; *Tourné* v. *Tourné*, 9 La. 456, and *Cooper* v. *Cooper*, 10 La. 250, we cannot say that the District Judge erred on this branch of the case, although the conduct of the defendant was wholly indefensible.

The judgment of the lower court, however, does the plaintiff injustice so far as it bars her claims against her husband, on account of her paraphernal property. The answers of the defendant on facts and articles show an indebtedness to the plaintiff of sixty-five dollars. The note referred to in the testimony of *Calais* as No. 1, does not appear to have been offered in evidence, nor endorsed by the payee.

Under the authority of *Rowley* v. *Rowley*, 19 La. 557, judgment must be rendered in favor of the plaintiff for the sixty-five dollars, and a judgment of nonsuit on plaintiff's other demands for money, except for alimony during the pendency of the suit, which it is just he should pay.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed; and it is now here ordered, adjudged and decreed by the court, that the plaintiff's demand for a separation from bed and board from her said husband be rejected; and it is further ordered, adjudged and decreed by the court, that the plaintiff do recover of her said husband the sum of sixty-five dollars, with five per cent. interest thereon from the judicial demand until paid, and that she have a tacit mortgage on the real estate and slaves of the defendant, from the 5th day of November, 1853, to secure the pay-

75

LAUBER
v.
MAST.

ment of the same; and it is further ordered, that the plaintiff recover the free administration of said sum of money, as well as any other paraphernal property in her possession; and as to the residue of her demands against the defendant, that they be rejected as in case of a nonsuit; and it is further ordered, adjudged and decreed by the court, that the defendant pay the plaintiff the sum of one hundred and thirteen dollars, as alimony, to pay the expenses of her maintenance during the pendency of the suit, and that the defendant pay the costs in both courts.