No. 11,346.

LOUIS SUBERVILLE, HUSBAND, VS. LORENZA ADAMS, HIS WIFE.

1. In case the wife, sued for a divorce, sets up, by way of reconvention, a counter demand for a separation, it is competent for the plaintiff to rebut the defendant's evidence by the introduction of evidence pertinent thereto, notwithstanding it be inapplicable to his principal demand, which has been' disallowed.

2. No formal answer to or denial of the averments of the defendant's reconventional demand 's contemplated in our law, and the plaintiff may introduce any evidence in rebuttal or disavowal of same, in the same manner, and to the same extent that he might under a formal denial thereof.

3 The conditions on which the wife can be awarded alimony are: 1st, that she shall have instituted suit for a judicial separation, or one *a mensa et thoro*. 2d, that she shall have left or declared her intention to leave her husband's domicil; and 3d, that the judge shall have assigned her a home wherein she shall reside during the pendency of the suit.

3. The husband can not be compelled to pay alimony unless the wife proves that she has constantly resided in the home assigned her by the judge.

APPEAL from the Civil District Court, Parish of Orleans.
Monroe, J.

| 46 | 119 |
|---|---|
| 46 | 986 |
| 46 | 119 |
| 47 | 68 |
| 46 | 119 |
| 105 | 744 |
| 46 | 119 |
| 108 | 52 |
| 46 | 119 |
| 116 | 698 |
| 117 | 789 |
| 46 | 119 |
| 119 | 990 |
| 46 | 119 |
| 121 | 647 |

Suberville vs. Adams.

*Jos.* N. *Wolfson* and *A. L. Tissot,* for Plaintiff and Appellant.

———

*W. S. Benedict, H. C. Cage* and *Robt. G. Dugué* for Defendant and Appellee.

———

The opinion of the court was delivered by

WATKINS, J.    This suit was instituted by the husband against his wife for a divorce *a vinculo matrimonii,* grounded on a charge of adultery.

To the petition the defendant tendered the exceptions of no cause of action and vagueness; the former being overruled, and the latter sustained, the plaintiff amended his petition by first reiterating the averments of his original petition, and then alleging that the defendant had committed adultery several different times with a certain person with whom she was upon most intimate terms; and that she had visited houses of assignation for that purpose at several different dates that are mentioned, and places particularly specified where said acts of adultery were committed.  He then adds the general averment that the defendant did, at the assignation houses indicated, " then and there, and at other dates to petitioner unknown, commit acts of adultery with a person or persons unknown."

To this supplemental petition the defendant filed the further exception of vagueness, coupled with a general denial, and subsequently she filed a supplemental answer disavowing all the charges contained in the plaintiff's original and supplemental petitions; and assuming the character of plaintiff in reconvention she claimed a separation from bed and board from the plaintiff.

The grounds on which she claimed a separation are substantially as follows, to-wit:

That the plaintiff, her husband, had been guilty of cruel treatment and outrages towards her of such a nature as to render their living together insupportable; and this charge is further supplemented by a specification to the effect that in April and May, 1892, he deserted and abandoned the matrimonial domicil, leaving her destitute; and afterwards resorted to a simulated and fictitious sale of the family homestead, in order to dispossess her of the premises; and, further, that he has since failed to contribute to her support.   She also avers that the plaintiff has publicly defamed her by charging her with adultery in the instant suit.

Coupled with her demand for a judicial separation *a mensa et thoro* is a demand for alimony at the rate of $60 per month during the pendency of the suit.

The trial resulted in a judgment against the plaintiff on the main demand, and in favor of the defendant on her reconventional demand, awarding her alimony at the rate of $60 per month from the inception to the finality of the suit.

Both from the judgment decreeing the defendant a separation and that awarding her alimony, the plaintiff appeals.

During the course of the trial various witnesses were introduced and interrogated on the part of the plaintiff, for the double purpose, first, of proving the charges of adultery alleged against the defendant, as grounds for a divorce, and, second, of defeating the defendant's reconventional demand for a separation. But this testimony was objected to, and the objections were sustained and the testimony ruled out on the ground that same was inadmissible under the pleadings—neither of plaintiff's petitions containing any specification of adultery committed at the matrimonial domicil, rendering this fact susceptible of proof.

Plaintiff specially offered, in rebuttal of defendant's evidence, proof to the effect that the defendant was taken in the act of adultery in the common domicil; and further, to show that this was the cause of her abandoning the same; but the court sustained the defendant's objection thereto, on the ground that, in his opinion, the proof of *any* one act of adultery, for *any and all purposes of the case*, must be restricted to the allegations of the petition and supplemental petition.

Pretermitting an expression of opinion as to the correctness of the judge's ruling with regard to the admissibility *vel non* of this testimony, *quoad* the plaintiff's demand, we think it a self-evident proposition that it was admissible for the purpose of rebutting the defendant's evidence in support of her reconventional demand, and that it was error on the part of the judge in excluding it.

Answers to reconventional demands are not permissible in law, and consequently there could not be any *pleading* or demurrer on the part of plaintiff to the defendant's demand—such as is clearly contemplated by the judge's ruling—to render same admissible. And inasmuch as no answer to a reconventional demand is contemplated in law, it must be assumed that the plaintiff in the suit is considered to have denied and resisted such demand

Suberville vs. Adams.

On this hypothesis it is clear that the plaintiff was entitled to offer in rebuttal such evidence as would tend to defeat the defendant's reconventional demand without first making formal answer and denial of the allegations thereof.

Considering the particular averment of her demand, to the effect that the plaintiff had openly and publicly defamed her by the institution of this suit, founded upon charges of adultery, it would seem to be reasonable that the plaintiff should be afforded an opportunity of justifying against this charge of defamation by making proof, if he can, that she had been guilty of adulteries, in the common domicil, though this is not one of the particular charges on which he claims a divorce. And it seems reasonable that he should be allowed to make the proof that was objected to for the purpose of establishing *her abandonment* of the matrimonial domicil, thus rebutting her charge against *plaintiff of abandonment*, on account of which she alleges herself entitled to claim a separation from bed and board.

In such case as this—a double action for divorce and *per contra* of separation from bed and board—we consider it better practice to admit than to reject evidence that may shed light on the controversy. For this purpose, it is our opinion that the cause should be remanded to the court *a qua* with directions to admit the rejected testimony, in so far as same may have a bearing on the defendant's reconventional demand, and in keeping with the views herein expressed.

With respect to the allowance of alimony *vel non* the following provisions of the code are pertinent and controlling, to-wit:

" If the wife, who sues for a separation, has left or declared her intention to leave the dwelling of her husband, the judge shall assign the home wherein she shall be obliged to dwell until the determination of the suit.

" The wife shall be subject to prove her said residence as often as she may be required to do so, and in case she fails so to do, every proceeding on the separation shall be suspended."   R. C. C. 147.

" If the wife has not sufficient income for her maintenance during the suit for separation, the judge shall allow her a sum for her support, proportioned to the means of the husband.   The husband can not be compelled to pay this allowance unless the wife proves that she has constantly resided in the home appointed by the judge."   R. C. C. 148.

Alimony is an incident of the wife's suit for separation; and it is

evident that same can not be allowed, except upon the terms of the code, to-wit: 1. That the wife shall have instituted suit for separation against her husband. 2. .That she has either left or declared her intention to leave the dwelling of the husband. 3. That the judge shall have assigned her a home wherein she *shall be obliged to dwell* during the pendency of her suit.

Conceding then, for the purpose of the argument, that the wife's reconventional demand for a separation is such a *suit* as the law contemplates, the defendant is still confronted with the difficulty that the judge did not assign her a domicil for her occupancy during the pendency of same; and the law plainly and most emphatically declares that " the husband *can not be compelled to pay* this allowance unless the wife proves that she has constantly resided in the house appointed by the judge." *Id.* 148.

An examination of the case of D'Auvilliers vs. Her Husband, 32 An. 605, does not bear out the statement of defendant's counsel, that no domicil need be assigned to the wife when she is defendant in a suit for separation or divorce; and it could not have been so decided, for the reason that the wife was plaintiff claiming a divorce.

That no domicil had been assigned to the wife, under R. C. C. 147, was matter of exception by the defendant husband, but it did not prevail, because the court was of opinion that " this article has no application to a case like the instant one, when " *the spouses were residing in the home of the wife's parents in a foreign country*, and the husband had abandoned her and eloped with a concubine." (Our italics).

In that case there was no matrimonial domicil from which the complaining wife had elected to depart. And it is upon such an election alone, by the terms of the Code, that the judge is authorized to make the assignment. *Id.* 147.

Defendant's counsel is under a misapprehension of fact in making the statement that the court awarded alimony in Lauber vs. Mast, 15 An. 593, although it does not appear that a domicil had been assigned the wife, as it appears that the court predicated its opinion on the authority of Rowley vs. Rowley, 19 La. 557, in which an assignment of a domicil had been made on the wife's application as the plaintiff.

The State vs. Judge, 22 An. 264, only decides that the respondent had jurisdiction to entertain and award alimony subsequent to judg-

ment and during the pendency of a suspensive appeal, for the reason that the plaintiff had made application therefor in her original petition, and it had been inadvertently overlooked at the time of decision.

These are all the decisions to which counsel have cited us as favoring the allowance of alimony, in the absence of an order of the judge assigning the wife a domicil *pendente lite*, and we are confident they do not support that contention.

In answer to the contention that the husband owes to his wife support and assistance, and "is bound to furnish her with whatever is required for the convenience of life," it is sufficient to say that those are among the obligations that the law imposes under the title of "Husband and Wife." R. C. C. 119, 120.

But they are not actionable during the existence of the marriage, and can only be enforced *after* the marriage has been dissolved. They are treated of under the title of "Separation of Property" and can only be recovered after the wife has obtained a divorce; for the code says:

"If the wife *who has obtained the divorce* has not sufficient means for her maintenance, the court may allow her, in its discretion, out of the property of her husband, alimony which shall not exceed one-third of his income." R. C..C. 160.

It is evident that this species of alimony—for the *maintenance* of a *divorced wife*—is an incident of the settlement of the matrimonial community, and is only recoverable after a decree of separation has been pronounced.

Prior to the passage of Act No. 307 of 1855, since incorporated in the Revised Code of 1870 as Art. 160, no allowance of *such* alimony could be awarded *after* a decree of divorce had been rendered.

But the alimony we have under consideration is, by the terms of the law, for the wife's maintenance "during the suit for separation."

It was of this kind of alimony that the court treated in Holbrook vs. Holbrook, 32 An. 13, and of which they said:

"The demand for alimony by the wife against her husband is an incident of the suit for separation, or divorce—is accessory to it, and inseparable from it. An order or judgment for alimony is made pending such suit.       *       *       *       *       *

"An allowance for alimony is always made *pendente lite* and is not

conditioned on the success of the principal demand. LeBeau vs. Trudeau, 1 N. S. 93; Rowley vs. Rowley, 19 La. 557."

That decision is in keeping with Heyob vs. Her Husband, 18 An. 41, and Moore vs. Moore, 18 An. 613, and they are b( ttomed on C. P. 105, which declares that " a married woman can not sue her husband so long as the marriage continues," otherwise than in the exceptional cases mentioned therein.

Our conclusion is that the defendant's claim is of the latter class, and does not include her right to demand assistance and support for which her right of action can only arise subsequent to the dissolution of the marriage. And restricting the issue to alimony *vel non*, *pendente lite*, we are of opinion that the plaintiff can not be compelled to pay this allowance if the record discloses that no domicil has been assigned the wife *pendente lite*, as the evident object of the law is to provide her the means of maintaining a separate domicil " during the suit for separation," the selection of which the suit renders necessary.

Inasmuch as the defendant confessedly left the domicil of her husband without obtaining from the judge an order assigning her a domicil pending her suit, it was manifestly impossible for her to make the proof required of her, as a condition precedent to her recovery of alimony against the plaintiff.

It is of no consequence that the plaintiff did not urge formal exception or objection on this score *in limine;* the phraseology of the statute clearly imposes the burden of proof on the defendant to establish this essential ingredient of her demand, and the plaintiff had a perfect right to rely upon her failure to discharge it, as a substantial defence, to the effect that he *could not* be compelled to pay this allowance otherwise.

On the state of the controversy thus formulated, we think the defendant's reconventional demand for alimony should be disallowed and rejected.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed; and it is further ordered, adjudged and decreed that the judgment rejecting the plaintiff's demand for divorce be and the same is affirmed; that the defendant's reconventional demand for *alimony* be rejected and disallowed; and that the cause be remanded to the court *a qua* for the purpose of allowing the plaintiff to introduce the rejected testimony of witnesses

offered for the purpose of rebutting the defendant's reconventional demand for separation, in keeping with the views herein expressed, and for further proceedings according to law.

It is further ordered, adjudged and decreed that the defendant and appellee be taxed with the costs of appeal, and that all other costs await the final judgment in the cause.