(38 South. 14.)

No. 15,470.

STATE ex rel. HILL v. JUDGE OF CIVIL DISTRICT COURT FOR PARISH OF ORLEANS, DIVISION C, et al.*

(Jan. 16, 1905.)

DIVORCE—SEPARATION FROM BED AND BOARD—ALIMONY—APPEAL—EFFECT.

1. Plaintiff in the original suit, relatrix here, obtained a judgment of separation from bed and board and for alimony against relator. After the expiration of 12 months, she obtained a judgment of divorce, and therein it was decreed that defendant pay her an amount monthly for her support—a pension.

2. There is no analogy between alimony ordered to be paid to the wife after a separation from bed and board and the support allowed to her in the judgment of divorce. In the former case, the right arises from a marriage not permanently dissolved; in the latter—a judgment for divorce—an amount is allowed in the nature of support, or pension. One is recovered under article 148, Civ. Code, and the other under article 160, Civ. Code.

3. An appeal taken from a judgment which allows a pension does not suspend the effect of a judgment for alimony before a final decision in the divorce case. If pension be decreed in the final judgment for divorce, it will succeed the decree for alimony.

(Syllabus by the Court.)

———

*Rehearing denied February 13, 1905.

Application by the state, on the relation of A. M. Hill, for writ of prohibition to the judge of the civil district court of the parish of Orleans, Division C,. and others. Writ denied.

Dinkelspiel & Hart, for relator. Respondent Judge (William Stirling Parkerson, of counsel), pro se.

BREAUX, C. J. Relator seeks to arrest the execution of a judgment rendered in favor of Mrs. Lillie Hill, his wife, for alimony, on the 6th day of June, 1902.

The alimony by said judgment was fixed at the sum of $150 a month. This judgment was rendered in a suit for separation from bed and board brought by the wife, as plaintiff, against her husband, A. M. Hill, and it was complied with by the husband by paying the monthly allowance from month to month.

At the end of 12 months after the judgment of separation of bed and board had been rendered, the wife of relator brought suit for divorce. Her petition for a divorce was filed on the 18th day of May, 1904, in which she alleged that she has no means of support, and that she is entitled to alimony during the pendency of the proceedings for divorce, and until it would become unnecessary.

On June 6, 1904, a judgment was rendered dissolving the ties of matrimony between plaintiff and defendant, and the court condemned the latter to pay for support or pension to the wife at the rate of $150 per month until it became unnecessary to continue in paying this amount.

On June 9, 1904, defendant, who had been cast in the suit for divorce, obtained an order of appeal, and on the same day filed a suspensive appeal bond from the judgment of divorce, and the transcript of appeal is now among the records of this court, and the appeal is assigned for hearing. ·

The respondent judge has succinctly stated the different grounds upon which he has ordered the first judgment to be executed.

They are, substantially, that the husband is in possession of the community; that the wife has no means of support at this time; that a suit for a partition of the assets of the community is pending; that the judgment of June 6, 1904, has been appealed from suspensively by defendant; that unless the judgment of October 31, 1902, is still executory, the husband will continue in possession, use, and enjoyment of all the property of the community until a partition can be had, and · the wife in the meantime will be left destitute.

We take up for review the articles of the Code relating to alimony when separation is granted from bed and board. The first, article 148, authorized the first judgment. It was to remain in force during the pendency of the suit. The first judgment, under the terms of the Code, was to remain in effect during the suit for separation.

Plaintiff, in the proceedings for divorce about one year after having obtained the first judgment, chose, in her petition, to ask a second time for an allowance for her support. She obtained a second judgment, intended as an allowance or pension for a similar amount each month.

This judgment is suspended, as to its effect, by the appeal to which we have before referred. Manifestly, it is not because plaintiff is entitled to one judgment for alimony that she can recover two judgments, nor because she happens to have obtained two judgments in the district court that in the end she is to have no judgment at all.

We have said that the first judgment was rendered under article 148 of the Civil Code, the second under article 160.

The two articles of the Code are different in terms. By the first, alimony is recoverable during the suit for *a separation*, as we read, from bed and board.

While, under article 160 of the Civil Code, the granting of alimony is left to the discretion of the court, it is to be collected out of the property of the husband, it shall not exceed one-third of his income, it is revocable when it becomes unnecessary, and it is also revocable when the wife contracts a second marriage.

The status between the parties is different, and it follows that the condition for rendering judgment for alimony or support is different. The separation from bed and board does not dissolve the ties of matrimony.

After the separation from bed and board the parties owe to each other consideration, respect, and fidelity, as well as assistance in need. The demand during the proceeding for alimony may be instituted after judgment rendered. It is allowed although the party plaintiff may afterward fail to obtain judgment.

On the other hand, after the judgment of divorce has been rendered, there can be no reconciliation, reinstating the dissolved marriage. There is no obligation arising from the marriage, as it is forever dissolved. There is an exception for alimony—rather, support—the law accords not alimony, but a pension, to the unfortunate spouse who obtained the divorce. There can be no judgment for support if the plaintiff fails to sustain his demand for divorce.

It follows, there is scant analogy between alimony paid during the separation from bed and board and the pension or support required to be paid in the judgment of divorce. The latter is an indemnity to which the one who obtains the divorce is entitled. Laurent, vol. 3, p. 403.

These views find support in a decision rendered by this court. State ex rel. Stuart v. Judge, 50 La. Ann. 559, 23 South. 445.

In the absence of any other decision in point, except the cited decision, that has some bearing, we compared the articles of our Code with those of the Code of France, and consulted the jurisprudence under the latter.

The laws are substantially similar, and jurisprudence accentuates the difference between the two—judgment for alimony during the marriage, and judgment for mere support after the divorce. Article 212 of the French Code corresponds to article 148 of our Code, and article 301 of the same Code corresponds to article 160 of our Code, and, under each of the articles of the Code Napoleon, the courts of France are of opinion that there is. no analogy of the one to or with the other.

Says Laurent:

"Il n'y a d'ailleurs aucune analogie entre le divorce et la separation de corps en ce qui concerne les aliments." Volume 3, 402.

We have been at some pains to consult French jurisprudence upon the subject, and found that well-considered decisions sustain this view. Fuzier-Herman, vol. 1, p. 379.

Having arrived at the conclusion that alimony allowed during the separation from bed and board is not absolutely similar to the support accorded from the property of the party cast after divorce, we are to determine whether the judgment of divorce rendered by the district court, allowing support to the defendant, puts an end to all claims for alimony recognized in the judgment for separation from bed and board.

It is in place to mention that the judgment of divorce did not recall or set aside that part of the decree of separation, from bed and board, relating to alimony.

We question very much the application of the following paragraph of article 160 to article 148, Civ. Code, to wit:

"This alimony shall be revocable in case it should become unnecessary."

We will say, in passing, that there is no evidence before the court of the unnecessariness of the alimony.

This leads us to the next question: Is the divorce final, and does it relieve the husband

from paying alimony under article 148 of the Civil Code?

The judgment is not final. It may, for all we know, never become final. Until it is finally passed upon, or in some way become a final judgment, there is no divorce.

If the plaintiff were to fail in obtaining the final divorce, her status would remain as it was under the judgment of separation from bed and board. She would then be separated from bed and board, and would have the right to alimony.

The suspensive appeal suspends the judgment as relates to the pension and support, but not as relates to alimony.

Immediately after the judgment will have become final, if it should reach that stage, then her right to alimony will fall, and whatever right is accorded her as a pension or support will immediately take the place of and succeed the judgment of alimony. All her rights to alimony under the final judgment, as here understood and explained, will be at an end, and she will be remitted to whatever the second judgment will accord.

This conclusion renders it necessary to recall the rule nisi heretofore issued.

It is therefore ordered, adjudged, and decreed that defendant's application for writs of prohibition be denied, and his petition dismissed.