BRUNOT, Justice.
 

 Lillian Brouilette, the relatrix, filed a suit in the Thirteenth judicial district court against Joseph Mallet, her husband, for a, separation from bed and board. In the petition she prayed for an inventory of the community property; for a restraining order and a rule upon the defendant to show cause why a preliminary injunction should not issue restraining him from disposing of, or incumbering, any of the community property; for a rule to show cause why the defendant should not be condemned to pay plaintiff alimony at the rate of $50 per week from the date the suit was instituted; and for the provisional care and custody of the minor children, the issue of the marriage.
 

 In due coursé an inventory and appraisement of the community property was made, a restraining order was issued, and, after a hearing, the preliminary injunction prayed for was granted; the plaintiff was given the provisional custody and control of the minor children; and she was awarded alimony at the rate of $50 per month, payable semimonthly pending the trial of the case on the merits.
 

 The suit was subsequently tried on the merits, and judgment was rendered thereon dismissing the plaintiff’s suit at her cost. She obtained the necessary order and perfected a suspensive appeal to this court from the judgment. After the rendition of the judgment on the merits, the defendant ceased to pay the alimony previously awarded the plaintiff, and the plaintiff ruled him into court to show cause why he should not continue to pay the alimony due the plaintiff until the final termination of the suit. The defendant answered the rule, and, after a hearing thereon, the court rendered the following judgment:
 

 
 *790
 
 “It is * * * ordered, adjudged and decreed, that the judgment awarding the plaintiff Fifty Dollars per month, which was rendered by consent on December 30th, 1933, be now recalled and set aside and the plaintiff’s rule sued out herein be and the same is hereby dismissed at her cost.”
 

 Upon the rendition of this judgment the plaintiff applied to this Court for a writ of certiorari, in which she' prays that the judgment quoted supra be avoided and reversed, and that plaintiff be accorded the relief prayed for in her petition for rule. The application for certiorari was granted, the writ issued, the record has been sent up, and the matter is now before us for review.
 

 The issue presented by this application is whether or not, in a suit for separation from bed and board, the impecunious wife, who had suspensively appealed from a judgment dismissing her suit, is entitled to alimony pending the final decision of. the case on appeal. Article 148, Rev. Civ. Code (as amended by Act No. 130 of 1928), is as follows:
 

 “If the wife has not a sufficient income for her maintenance pending the suit for separation from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, ■proportioned to her needs and to the means of her husband.”
 

 This court has interpreted R. C. C. art. 148, as amended, to be mandatory in character, and enforceable so long as a suit for separation from bed and board is pending in the courts, whether in the court of original jurisdiction or in the appellate court. As far back as LeBeau v. Trudeau, 1 Mart. (N. S.) 93, this court said:
 

 “The provision for the support of the wife, during a suit for bed and board, is not conditional on her success.”
 

 The LeBeau case is cited with approval in Holbrook v. Holbrook, 32 La., Ann. 16; Suberville v. Adams, 46 La. Ann. 125, 14 So. 518. In the case of Lauber v. Mast, 15 La. Ann. 593, the court held that:
 

 “Although a wife fails in an action for separation from bed and board, she is nevertheless entitled to alimony during the pendency of the suit.”
 

 In addition to the authorities mentioned, there are many cases in the books holding that the payment of alimony continues in force so long as the suit for separation or divorce is pending in the courts. There are varying facts in the different cases, but the underlying principle is that a judgment on the merits in the trial court does not affect the alimony as long' as the case is pending in the courts. Some of the cases to which we refer are: State v. Judge, 22 La. Ann. 125; State v. King, 49 La. Ann. 1503, 22 So. 887; State v. Judge, 114 La. 44, 38 So. 14; Nissen v. Farquhar, 121 La. 642, 46 So. 679; Hurry v. Hurry, 138 La. 391, 70 So. 337; Abrams v. Rosenthal, 151 La. 987, 92 So. 567; Donnels v. Bouillion, 165 La. 145, 115 So. 439.
 

 It is a well-recognized and accepted rule in this state that, as long as the relation of husband and wife exists, the husband is under a legal obligation to support his wife, and the relation of husband and wife can be
 
 *792
 
 terminated only by death or a final decree of a competent court.
 

 For the foregoing reasons, the writ issued herein is perpetuated, and it is now decreed that the judgment rendered in the court below recalling its judgment rendered December 30,' 1933, and dismissing the rule sued out by relatrix to enforce the payment of alimony, during the pendency of -this suit in the courts, be avoided and set aside, and that the relatrix be accorded the relief prayed for in said rule.