LAND, Justice.
 

 On October 12, 1926, plaintiff married defendant in Jackson, Miss., and, immediately after the marriage, the husband and wife established their matrimonial domicile in the city of Houma, parish of Terrebonne, in this state.
 

 Of this marriage were born, at the matrimonial domicile, two children, Jasper K. Wright, Jr., and Edward Wright, now minors.
 

 On August 20, 1935, plaintiff filed suit at the matrimonial domicile against defendant for separation from bed and board, on the grounds of excesses and cruel treatment, demanded the custody of her two minor children, and prayed for alimony pendente lite in the sum of $200 a month.
 

 In his answer to this suit, defendant admitted all of the charges made against him by plaintiff as grounds for separation, and judgment was rendered in her favor as prayed for. '
 

 At the time of the institution of this suit, plaintiff, with her two minor children, returned to her parents in Jackson, Miss. Within a month thereafter, defendant came to Jackson for the purpose of discussing with plaintiff a reconciliation, which was effected some time during the lattep part of October, 1935.
 

 On March 12, 1937, plaintiff filed the present, or second suit against defendant at the matrimonial domicile, for separation from bed and board, and for alimony pendente lite for the support of herself and minor children in the sum of $200 a month.
 

 The grounds in the present suit are alleged to have arisen subsequently to the reconciliation, the grounds of the previous, suit being set out for their corroborative effect.
 

 
 *689
 
 Judgment was rendered on rule in the lower court in the sum of $19.85 a week, as alimony pendente lite, for the support and maintenance of plaintiff and her minor children. By order of this court, the Honorable Robert B. Butler, judge'of the district court of the Seventeenth district, was directed to grant to defendant a suspensive appeal from this judgment. 187 La. 265, 174 So. 351. It is this appeal which is now before this court. Plaintiff has answered the appeal and prays that the judgment appealed from be amended and increased to $200 a month, and that, as amended, the judgment be affirmed.
 

 (1) At the hearing of the rule for alimony, defendant filed an exception to the jurisdiction of the lower court, on the ground of plaintiff’s residence in the state of Mississippi. This exception was overruled, and properly so.
 

 Plaintiff and defendant, after their marriage at Jackson, Miss., immediately established a matrimonial domicile in the city of Houma, Terrebonne parish, in this state. They resided at the common domicile from October 12, 1926, to August 20, 1935, when plaintiff filed her first suit for separation; and thereafter defendant continued to reside at the matrimonial domicile, and was residing there, when plaintiff filed the present suit in the Seventeenth district court, Parish of Terrebonne, which is clearly vested with jurisdiction under this state of facts.
 

 (2) The exception of no cause or right of action to the petition for separation from bed and board was overruled in the lower court. The suit for separation was still pending and untried in that court, when the appeal to this court was taken by defendant from the judgment awarding plaintiff alimony pendente lite on the rule issued in this case.
 

 It has been repeatedly held by this court that: “The right of a wife to receive alimony during the pendency of a suit for divorce or for separation from bed and board is merely the obligation of the husband to support his wife, and is not at all dependent upon the merits or the outcome of the suit for divorce or for separation from bed and board.” Arnold v. Arnold, 186 La. 323, 172 So. 172, 174, citing Brouilette v. Mallet, 180 La. 787, 157 So. 594, 595.
 

 Article 148 of the Revised Civil Code, as amended by Act No. 130 of 1928, § 1, provides that:
 

 • “If the wife has not a sufficient income for her maintenance pending the suit for separation from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband.”
 

 In Brouilette v. Mallet, 180 La. 787, 157 So. 594, it is said:
 

 “This court has interpreted R. C. C. art. 148, as amended, to be mandatory in character, and enforceable so long as a suit for separation from bed and board is pending in the courts, whether in the court of original jurisdiction or in the'appellate court. As far back as Le Beau v. Trudeau, 1 Mart. (N.S.) 93, this court said:
 

 
 *691
 
 “ ‘The provision for the support of the wife, during a suit from bed and board, is not conditional on her success.’
 

 “The Le Beau Case is cited with approval in Holbrook v. Holbrook, 32 La. Ann. [13] 16; Suberville v. Adams, 46 La.Ann. [119] 125, 14 So. 518. In the case of Lauber v. Mast, 15 La.Ann. 593, the court held that:
 

 “ ‘Although a wife fails in an action for separation from bed and board, she is nevertheless entitled to alimony during the pendency of the suit.’
 

 “In addition to the authorities mentioned, there are many cases in the books holding that the payment of alimony continues in force so long as the suit for separation or divorce is pending in the courts. There are varying facts in the different cases, but the underlying principle is that a judgment on the merits in the trial court does not affect the alimony as long as the case is pending in the courts. Some of the cases to which we refer are: State v. Judge, 22 La.Ann. 120; State v. King, 49 La. Ann. 1503, 22 So. 887; State v. Judge, 114 La. 44, 38 So. 14; Nissen v. Farquhar, 121 La. 642, 46 So. 679; Hurry v. Hurry, 138 La. 391, 70 So. 337; Abrams v. Rosenthal, 151 La. 987, 92 So. 567; Donnels v. Bouillion, 165 La. 145, 115 So. 439.
 

 “It is a well-recognized and accepted rule in this state that, as long as the relation of husband and wife exists, the husband is under a legal obligation to support his wife, and the relation of husband and wife can be terminated only by death or a final decree of a competent court.” 180 La. 787, at pages 789, 790, 791, 157 So. 594, 595.
 

 In the Brouilette Case, cited supra, it was held by this court that a wife who' suspensively appealed from a judgment dismissing her suit for separation from bed and board was entitled to alimony pending final decision on appeal, under Rev.Civ. Code, art. 148, as amended by Act No. 130 of 1928, § 1.
 

 (3) In the judgment on rule for alimony, issued February 8, 1937, it is ordered that defendant pay to plaintiff alimony pendente lite in the sum of $19.85 a week for the support of herself and her minor children, Jasper K. Wright, Jr., and Edward Earl Wright, to be computed from February 8, 1937, until the further orders of the court.
 

 It is further ordered in the judgment that the sum of alimony which has accrued since February 8, 1937, shall be paid by March 19, 1937, and that thereafter alimony in the sum of $19.85 shall be paid to plaintiff in rule weekly.
 

 We do not find any good reasons for increasing the alimony of $19.85 a week to be paid to plaintiff by defendant for her support and that of her minor children.
 

 It is, therefore, ordered that the judgment appealed from be affirmed, and that defendant pay all costs.
 

 HIGGINS, J., absent