O’NIELL, Chief Justice.
 

 Wilbert Grisamore sued his wife for a separation from bed and' board, on the ground that she had abandoned him. In. her answer to the suit, she denied that she had abandoned her husband, and aver-' red that he had abandoned her without just cause; hence she set up a reeonventional' demand for a decree of separation from bed and board, in her favor. She asked for alimony pendente, lite, under article 148 of the Civil Code. On the trial of the rule to show cause why the husband should not pay alimony pendente lite, he proposed to receive his wife, not in the house where they had resided formerly, but in .a residence occupied by his parents and» his sister. The judge rejected the demand of the wife for alimony pendente lite, — not on the ground that she was not in necessitous circumstances, — nor for any reason having reference to the merits of the suit for separation from bed and board, — but because the judge was of the opinion that a wife who was sued for a separation from bed and board on the ground of abandonment was not entitled to alimony pendente lite, for the reason that she could obtain the financial support of her husband by returning to the matrimonial domicile, in response to the summons to return. The wife is appealing from the decision. The attorney for the husband has moved to dismiss the appeal, on the ground that, inasmuch as each of the parties to the suit has been summoned to return to the matrimonial domicile, this appeal presents nothing for the court to decide.
 

 The argument on which the motion to dismiss the appeal is founded, virtually, challenges the merit or justness of the demand of the appellant for alimony pendente lite. To maintain the motion to dismiss the appeal would be to decide that there is no merit in the appellant’s demand for alimony pendente lite. The judge of the civil district court has’not yet decided whether the husband or the wife is at
 
 *773
 
 fault in the matter of the abandonment of the matrimonial domicile, — or whether the wife may or may not be justified in a refusal to follow her husband to another place of abode. On these questions will depend a decision of the suit for a separation from bed and board, when it comes to trial on its merits.
 

 Article 148 of the Civil Code declares that,, in a suit for separation from bed and board, or for divorce, if the wife, whether she be plaintiff or defendant, has not a sufficient income for her maintenance during the pendency of the suit, the judge shall allow her a sum for her support, proportioned to her needs and to the means of her husband. That is the authority for the courts to allow alimony pendente lite in this state. The right of the wife to such alimony does not depend at all upon the merits of the suit for separation from bed and board, or for divorce, or upon the actual or prospective outcome of the suit. The reason for that is that an order to pay alimony pendente lite is merely an enforcement of the obligation of the husband to support his wife as long as the marriage remains undissolved. LeBeau v. Trudeau, 1 Mart., N.S., 93; Holbrook v. Holbrook, 32 La.Ann. 13; Suberville v. Adams, 46 La.Ann. 119, 14 So. 518; State ex rel. Huber v. King, Judge, 49 La.Ann. 1503, 22 So. 887; State ex rel. Hill v. Judge, 114 La. 44, 38 So. 14; Nissen v. Farquhar, 121 La. 642, 46 So. 679; Donnels v. Bouillion, 165 La. 145, 115 So. 439; Brouilette v. Mallet, 180 La. 787, 157 So. 594; Anzalone v. Anzalone, 182 La. 234, 161 So. 594; Arnold v. Arnold, 186 La. 323, 172 So. 172; Cotton v. Wright, 189 La. 686, 180 So. 487.
 

 The motion to dismiss the appeal is overruled.