ODOM, Justice.
 

 The only point involved in this controversy relates to the question of the amount of alimony which the husband should pay to his wife during the pendency of his
 
 *324
 
 suit against her for a separation from bed and board.
 

 On April 10, 1940, the husband sued his wife for separation from bed and board on the grounds of cruel treatment, humiliation, slander, public defamation, etc. His wife answered the suit, denying plaintiff’s allegations, and, coupled with her answer, she filed a reconventional demand in which she alleged that her husband had been guilty of adultery and for that reason she was entitled to an absolute divorce.
 

 But, before filing her answer and reconventional demand, she ruled her husband to show cause why he should not pay alimony pendente lite, as provided in Article 148 of the Revised Civil Code. This rule to show cause was heard by Judge Gleason, and on May 31, 1940, Judge Gleason fixed the amount of alimony at $15 per week, or $60 per month, and ordered the husband to pay his wife $30 on the 2nd and the 16th of each month. The ruling of the court, as disclosed by the record, is as follows:
 

 “By the Court: Objection sustained; rule absolute. Alimony $15.00 a week — He gets paid
 
 on
 
 the 15th and the 1st?
 

 “By Mr. Byrnes [counsel for the husband] : Yes.
 

 “By the Court: Alimony of $60.00 a month, payable $30.00 on the second and $30.00 on the sixteenth of each month.”
 

 For some reason which is not explained, the judgment, which seems to have been prepared by the clerk, ordered the husband to pay $30 instead of $60 a month. But all parties concerned, the litigants and their counsel, understood that the husband had been ordered to pay to his wife $15 per week or $60 per month. The record makes it perfectly clear that the husband understood that he had been ordered to pay to his wife $60 per month. On June 26, only a few days after the judge had fixed the amount of alimony, the husband ruled his wife to show cause why the amount of alimony should not be reduced from $15 to $5 per week, on the ground that he had discovered that his wife had on deposit in a local bank the sum of $1,000. He alleged in his rule to show cause that “on the — day of June, 1940, your mover was ordered to pay the sum of $15.00 per week as alimony for the maintenance and care of his wife”, and that she should be ordered to show cause “on Friday, June 28, 1940 at eleven o’clock A. M. why the alimony judgment herein rendered on June -, 1940 should not be reduced from $15.-00 per week to $5.00 per week”.
 

 Further evidence that the husband knew he had been ordered to pay alimony at $60 per month is found in the fact that he actually paid that amount for more than a year after the rule, against him was made absolute.
 

 It seems that he discovered later that the amount of alimony as specified in the judgment was only $30 per month, and that upon this discovery he refused to make further contributions. Thereupon, the wife ruled him into court, to show cause why he should not be punished for contempt be-. cause of his failure to pay the alimony. In his answer to the rule for contempt, he alleged that he was not due his wife anything for the reason that he had over
 
 *326
 
 paid her; that, whereas he was ordered by the judgment to pay her $30 per month, he had in fact paid her $60 per month, and that therefore he had paid alimony in advance through June, 1942. The rule for contempt was discharged.
 

 Up to this time, the wife was not aware of the error made by the clerk in drafting the- judgment. Following this discovery, she made numerous attempts to have the judgment revised so as to make its recitals as to the amount of alimony conform to the ruling of the court. She was not successful in her attempts, and finally, on November 19, 1941, she filed the rule presently involved, in which she alleged that “the judgment fixing the alimony at $30.00 per month should be amended by increasing same to $60.00 per month for the following reasons, to-wit:
 

 “1. That on May 31, 1940, the Hon. Walter L. Gleason, after hearing the testimony in this matter, fixed the alimony at $60.00 per month, but the Clerk of Court erroneously wrote up said judgment to read $30.00 per month.
 

 “2. That your mover is in poor health and in need of medical attention and that according to the law of Louisiana the alimony should be fixed at a sum proportionate to the earnings of her husband, and that she is unable to maintain herself on the alimony of $30.00 per month.”
 

 She asked that her husband be ordered to show cause “why the judgment of this Honorable Court fixing the alimony at $30.00 per month should not be amended by increasing same to the sum of $60.00 per month, together with cost, and all general and equitable relief”.
 

 In answer to this rule, counsel for the husband alleged that the question as to the amount of alimony which the husband should pay had been “adjudicated during the summer months and a judgment rendered by Honorable Paul Chasez, Judge of the Civil District Court. Division
 
 ‘A’,
 
 who was'-acting for the Judge of the Civil District Court, Division ‘C’ at the time.”
 

 Counsel alleged that Judge Chasez had fixed the amount of alimony to be paid by the husband at $30 per month, and that, since there had been no change in the condition of either party since the rendering of that judgment, the “judgment is now res adjudicata”.
 

 The judgment rendered by Judge Chasez, referred to by counsel, was on a rule filed by Mrs. Colby, the wife, against her husband, “wherein the said mover requested that a judgment rendered in June, 1940, by Honorable Walter L. Gleason, Judge, be amended nunc pro tunc from $30.00 per month to $60.00 per month or in the alternative that the Court grant $60.00 per month alimony from June 1st, 1941; or in the alternative that the Court fix alimony pendente lite”.
 

 The evidence heard by Judge Chasez is not brought up in the record. Whether he decided that the wife was entitled to only $30 per month or whether he refused, on the showing made, to amend the judgment rendered by Judge Gleason in June, 1940, is not clear. His judgment recites that he considered all the evidence in the
 
 *328
 
 case and “considered
 
 the
 
 exhibits filed on behalf of the plaintiff and the defendant in the case”. The exhibits mentioned by Judge Chasez evidently were the rule to fix alimony and the judgment signed by Judge Gleason. It was proved at the trial of the present rule, which was brought before Judge Moise, that Judge Chasez did not have before him the record which showed that Judge Gleason had, as a matter of fact, ruled that the wife was entitled to $60 instead of $30 per month.
 

 Judge Moise overruled counsel’s objection and set the rule for hearing. Over counsel’s objection, Judge Moise, in effect, reopened the case in so far as the question of alimony was concerned, and permitted counsel for the wife to introduce and file in evidence the record made up in Judge Gleason’s court in May, 1940, which record showed that Judge Gleason had ruled that the wife was entitled to alimony pendente lite of $15 per week, or $60 per month. Not only that, he permitted the introduction of 'testimony to show the wife’s condition and her needs, as well as testimony showing the amount of her husband’s income. The testimony showed that the wife was sick and needed medical attention and that she could not live on less than $60 per month. She submitted, and there was filed in evidence, a statement' of the amounts which were necessary for her support. The testimony showed further that the husband was employed by some department of the state and was being paid a salary of $250 a month.
 

 After hearing this testimony, Judge Moise fixed the amount of alimony to be paid by the husband at $60 per month. From this judgment the husband appealed.
 

 Counsel for the husband argues that the judgment rendered by Judge Moise fixing the amount of alimony at $60 per month is, in effect, a revision of Judge Gleason’s judgment rendered in May, 1940, and that, since Judge Gleason’s judgment had become final, it was not subject to revision. He argues further that the judgment rendered by Judge Chasez in the summer of 1941 was res adjudicata and was not subject to change in the absence of a showing that the condition of the parties had changed in the meantime.
 

 We are not impressed with counsel’s argument on either point. The judgment rendered by Judge Moise was not, in effect, a revision of Judge Gleason’s judgment, nor did the ruling made by Judge Chasez have the force and effect of the thing adjudged. Judgments fixing the amount of alimony pendente lite are mere incidents of suits for separation. They are not final judgments, but are subject to change at any time. Grimes v. Posecai, 175 La. 1, 142 So. 703; Shipp v. Shipp, 180 La. 881, 158 So. 5.
 

 Counsel for appellant concedes that such judgments are not final, and that they may be revised at any time. But he argues that such judgments may not be changed except upon a showing that conditions have changed.
 

 Cases involving the fixing of alimony to be paid by the husband pendente lite may, at the discretion of the court, be reopened at any time for the purpose
 
 *330
 
 of reexamining the judgment or judgments previously rendered.
 

 In Mrs. Colby’s rule filed in Judge Moise’s court on November 19, 1941, she alleged that she was in poor health and in need of medical attention and was unable to maintain herself on $30 per month. She asked that the amount be fixed at $60. Judge Moise ordered the husband to show cause. He did not abuse his discretion.
 

 The judgment appealed from is affirmed, the husband to pay costs.