73 So.2d 442

**HILLARD v. HILLARD.**

No. 40783.

April 26, 1954.

Rehearing Denied May 31, 1954.

Brumfield, Herbert & Rush, Baton Rouge, for defendant-appellant.

Brumfield, Hebert & Rush, Baton Rouge, for defendant- appellant.

MOISE, Justice.

George O. Hillard, Sr. sued his wife for a separation of bed and board on the grounds of abandonment.

In her answer the wife, Mrs. Hazel Merrill Hillard, denied that she had abandoned her husband without just cause, and she set up a reconventional demand by way of an amended petition, in which she prayed for a judgment of separation from bed and board on the grounds of cruel treatment. She, likewise, prayed for alimony pendente lite at the rate of $200 a month.

The demands of the wife for alimony pendente lite and her suit for a separation of bed and board were denied. The court gave judgment for a separation of bed and board to the husband.

The wife appeals, limited to the question of alimony pendente lite and an increased award of attorney's fees from $150 to $250.

The district court stated, and we quote:

"After carefully considering this question, I have reached the conclusion that where a wife has abandoned her husband without just cause and for that reason the husband has been awarded a judgment of separation from bed and board, she is not entitled to alimony until a final divorce is rendered."

■ We feel that the court erred in making this pronouncement, because a judgment of separation of bed and board does not dissolve the marriage. It terminates the marital relationship and dissolves the community. It does not extinguish the obligation of fidelity and the duty of support and assistance provided for in Articles 119 and 120 of the LSA–Civil Code. The duty to support is enforced by law even after the separation of bed and board. The husband is the head and master—the sole administrator of the community. The wife has no control over the community nor of the revenues of the community, and during the time pending for the final dissolution of the marriage ties and final dissolution of the community, the wife is entitled to support. LSA–Revised Statutes 9:302, Act No. 56 of 1932, gives to the successful party one year after judgment of separation of bed and board to file suit for final divorce, and one year and sixty days to the other party. If, during that period of deliberation, either one of the parties violates the forbidden commandment—adultery—the injured party to the marriage contract may file a suit for final divorce before the expiration of the year. Article 139, LSA–Civil Code.

It was said in Arnold v. Arnold, 186 La. 323, 328, 172 So. 172, that a decree of separation of bed and board is an interlocutory judgment. It is not necessary for us either to affirm or to deny this conclusion made in the Arnold case.

■ The two grounds of appeal we have mentioned, supra, but the appeal from that portion of the judgment which allowed attorney's fees of $150 instead of $250, as prayed for, we think should be denied, because no one is in a better position to fix those fees than the trial judge.

■ Alimony judgment in its nature is such that a plea of res adjudicata would not prevail. It is lost if the wife contracts a second marriage, even after a divorce. Article 160, LSA–Civil Code. The alimony can be diminished, or it could be increased, or it could even be set aside when the circumstances warrant. Colby v. Colby, 200 La. 321, 7 So.2d 924. In many cases the lack of income and inability of the use of community funds pending a final dissolution of the marriage are sufficient to justify an award.

■ We must take into consideration Article 160 of the LSA–Civil Code when it uses in that article the word "means", and this must be interpreted to convey the idea of property, because Article 148 provides that alimony is to be paid by the husband in proportion to his means.

"Article 148 has for its purpose the enforcement of the husband's obligation of support of his wife as it exists under Article 120 of the Civil Code, which continues during the pendency of a suit for separation from bed and board or for divorce and does not terminate until the marriage is dissolved either by death or by divorce. While the suit is going on the obligation still exists and, whether the wife is the one who is suing or is being sued, if she has not a sufficient income for her maintenance, the judge shall allow her a sum for her support, the amount to be gauged according to what her needs are and what are the means of her husband. It is to be noted here that both her needs and the means of the husband are to be taken into consideration in determining the sum to be allowed." Smith v. Smith, 217 La. 646, 47 So.2d 32, 34.

In the suit of Grisamore v. Grisamore, 191 La. 770, 186 So. 98, we find the following:—

"Article 148 of the Civil Code declares that, in a suit for separation from bed and board, or for divorce, if the wife, whether she be plaintiff or defendant, has not a sufficient income for her maintenance during the pendency of the suit, the judge shall allow her a sum for her support, proportioned to her needs and to the means of her husband. That is the authority for the courts to allow alimony pendente lite in this state. The right of the wife to such alimony does not depend at all upon the merits of the suit for separation from bed and board, or for divorce, or upon the actual or prospective outcome of the suit. The reason for that is that an order to pay alimony pendente lite is merely an enforcement of the obligation of the husband to support his wife as long as the marriage remains undissolved. LeBeau v. Trudeau, 1 Mart., N.S., 93; Holbrook v. Holbrook, 32 La.Ann. 13; Suberville v. Adams, 46 La.Ann. 119, 14 So. 518; State ex rel. Huber v. King, Judge, 49 La.Ann. 1503, 22 So. 887; State ex rel. Hill v. Judge, 114 La. 44, 38 So. 14; Nissen v. Farquhar, 121 La. 642, 46 So. 679; Donnels v. Bouillion, 165 La. 145, 115 So. 439; Brouilette v. Mallet, 180 La. 787, 157 So. 594; Anzalone v. Anzalone, 182 La. 234, 161 So. 594; Arnold v. Arnold, 186 La. 323, 172 So. 172; Cotton v. Wright, 189 La. 686, 180 So. 487."

■ However, there are very few cases where the demand for alimony was passed on at the same time as the trial on the merits for separation for bed and board.

We do not see, however, where a wife in necessitous circumstances is any the less entitled to alimony for the period which has elapsed from her demand until the separation and the period thereafter until the divorce, than a wife who was granted alimony pendente lite before trial on the merits.

In the case of Bowsky v. Silverman, 184 La. 977, 168 So. 121, 122, the question involved was whether the plaintiff should pay alimony for the support of the wife and the minor children of the marriage, between the date on which the alimony rule was signed and the date on which the divorce was granted. In that case, the husband was awarded a judgment of divorce. In decreeing that the husband should pay alimony pendente lite after separation, the following language was used:—

"Even though plaintiff and defendant were separated and although plaintiff had sued his wife for divorce and was entitled to it on legal grounds, she remained his wife until the final divorce decree was signed, and it was as much his duty to support her during the pendency of the suit as before the separation, and, of course, it was his duty to support his minor child."

In the case of Bienvenue v. Bienvenue, 186 La. 429, 172 So. 516, it was said that it is our understanding of the jurisprudence that the alimony pendente lite should run from judicial demand until the rendition of the final divorce decree.

In Anzalone v. Anzalone, 182 La. 234, 161 So. 594, 595, we said:—

"The theory that, because a wife, in a separation suit, suffers a judgment by default to be rendered against her, and because there is no provision in said judgment for the payment of alimony, she is thereby barred from thereafter claiming alimony, finds no support in law or in the jurisprudence of this state."

In Arnold v. Arnold, 186 La. 323, 172 So. 172, 174, this Court said:—

"The rendering of a decree of separation from bed and board, however, does not put an end to the wife's right to have alimony pendente lite—which means nothing more than the wife's right to have the financial support of her husband until the bonds of matrimony are dissolved. Rev.Civ.Code, art. 148; State ex rel. Hill v. Judge, 114 La. 44, 38 So. 14".

The issue has been raised that where the wife loses a suit of separation of bed and board and the husband is awarded the judgment, that in such cases no alimony is due. The Court held that the obligation of the husband to support his wife is not at all dependent upon the outcome of the suit for divorce or separation from bed and board. See Arnold v. Arnold, 186 La. 323, 172 So. 172; LeBeau v. Trudeau, 1 Mart.

N.S., 93; Lauber v. Mast, 15 La.Ann. 593; Holbrook v. Holbrook, 32 La.Ann. 13–16; Suberville v. Adams, 46 La.Ann. 119, 14 So. 518; Brouilette v. Mallet, 180 La. 787, 157 So. 594–595.

█ In this case the record discloses that the wife's suit is for accrued alimony from judicial demand until the rendition of the final judgment of divorce. The record discloses that at the time of the trial on the merits for separation from bed and board, the husband was earning a salary of $535 a month and the wife was working and earning $102 a month. We hardly think that the wife's earnings were of a sufficient amount to justify refusing an award of alimony pendente lite for her support. Therefore, the judgment of the district court will be reversed, insofar, as it denied the wife alimony pendente lite, and the judgment will now be an award of $50 a month from the date of judicial demand for alimony until the rendition of a final judgment of divorce.

For the reasons assigned, the appeal for an increase in attorney's fees will be denied; the judgment denying alimony pendente lite will be reversed and set aside, and the wife permitted to recover alimony at the rate of $50 a month from the date of judicial demand until the date of final judgment of divorce.

Affirmed and Reversed in part.

HAWTHORNE, J., concurs in the decree.

McCALEB, J., dissents in part with written reasons.

McCALEB, Justice (dissenting in part).

I think that the trial judge was correct in refusing alimony to the wife subsequent to the judgment in favor of the husband for a separation from bed and board, as there is no law in this State requiring him to make such an award.

The only provisions of the LSA–Civil Code, dealing with the wife's right to alimony, are Article 148, prescribing for payment of alimony pendente lite, and Article 160, providing for an allowance in the form of a pension to the wife after divorce, when she has obtained the judgment, and in cases of divorce granted under the two year separation law, when the wife has not been at fault.

Article 148, which the majority holds controlling of the case at bar, declares:

"If the wife has not a sufficient income for her maintenance *pending the suit for separation from bed and board or for divorce,* the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband." (Italics mine.)

By the express terms of this Article, the alimony is payable only during the pendency of the suit, whether it be one for a separation or a divorce. Accordingly, upon the rendition of final judgment, there is

no statutory sanction for the continuance of the alimony pendete lite. But, despite this, the Court has erroneously deduced on two occasions, in Anzalone v. Anzalone, 182 La. 234, 161 So. 594 and Arnold v. Arnold, 186 La. 323, 172 So. 172, that alimony pendente lite is payable under Article 148 of the LSA–Civil Code after final judgment of separation from bed and board.

While the Anzalone decision simply makes the bald statement that Article 148 authorizes the payment of the alimony after judgment of separation (when it does not), the opinion in the Arnold case (which dealt with the wife's right of alimony following a separation decree in her favor) attempts to justify its conclusion on the basis that a judgment of separation from bed and board is only an interlocutory decree which does not dissolve the bonds of matrimony and that, therefore, alimony (pendente lite) must be paid until the marriage is dissolved by final judgment.

The reasoning in the Arnold case cannot withstand critical analysis. Imprimis, a judgment of separation from bed and board is not an interlocutory decree. It is a final disposition of the matter in controversy, carrying with it a separation of the goods and effects, see Article 155, LSA–Civil Code, i. e., dissolving the community. Article 136, LSA–Civil Code. On the other hand, an interlocutory decree is defined by Article 538 of the Code of Practice to be a judgment which pronounces on prelim-inary matters during the course of the proceedings and does not decide on the merits.

However, notwithstanding the faulty premise upon which the Arnold case is pitched, its conclusion is sustainable, in my view, on another theory—that is, that the court, under its equity powers derived from Article 21 of the LSA–Civil Code—was vested with the right of continuing the alimony in favor of a wife, when she had obtained the judgment of separation as a result of the husband's default in his marital obligations. In those cases, common justice demands that the wife in necessitous circumstances be supported until judgment of final divorce.

But, on the same basis of equity and good conscience, I believe that the judge in the case at bar was eminently correct in refusing alimony to the defendant wife, who has been declared by final judgment to have broken her marital vows by abandoning her husband, see Article 120 of the LSA–Civil Code, without just cause.

The many cases cited in the majority opinion, which contains hyperbolical statements to the effect that the wife's right to obtain alimony pendente lite does not terminate until the marriage is dissolved either by death or divorce, are patently distinguishable from the case at bar on their particular facts—with the exception of the decision in Anzalone v. Anzalone. The ruling in that case—that a husband

obtaining a final judgment of separation from bed and board is required to pay alimony until divorce to the wife found guilty of her marital obligations—is unsupported, in my view, either by law or logic and should be overruled.

I therefore respectfully dissent from that part of the majority opinion reversing the judgment denying alimony.