CULPEPPER, Judge.
The defendant husband appeals from the trial court’s refusal to reduce a prior judgment for monthly alimony pendente lite.
The general facts show that on December 23, 1964 the plaintiff wife filed suit against the defendant husband for separation from bed and board and alimony pendente lite for the support and maintenance of herself and the 8 year old child born of the marriage. The alimony rule was heard on January 5, 1965, and the husband was ordered to pay the sum of $375 per month. The husband paid only about $180 a month. On June 4, 1965 he was ruled into court, found to be $800 in arrears, and sentenced to 5 days in jail for contempt.
On July 26, 1965 the husband filed the present rule to reduce the alimony; in reply to which the wife filed another rule for contempt. The district judge, who was not the same judge who heard the initial alimony rule, found the husband $1,155 in arrears and refused to reduce the monthly payments.
*870 LSA-C.C. Article 148 provides for alimony to the wife for her maintenance during the suit for separation. Also, the father is obligated to support his children. LSA-C.C. Article 227. The amount of the alimony is proportioned to (1) the ability of the father-husband to pay and (2) the needs of the recipients. Hillard v. Hillard, 225 La. 507, 73 So.2d 442; Russ v. Russ, La.App., 126 So.2d 854.
Evidence concerning the husband’s ability to pay shows that he is a directional driller for a drilling company, with a guaranteed salary of $650 per month, plus $45 per day while working on offshore jobs and $30 per day on land jobs. His average net “take-home” pay is about $825 per month.
As to his obligations, he has 3 children by a previous marriage, who live with their maternal grandmother, and for whose support the defendant husband pays $100 per month. He also pays $50 per month on a Federal tax lien and about $10 a month to other creditors. He owes certain judgments totaling about $2,000 but there is no showing as to how he pays, or plans to pay, these amounts.
The husband's living expenses are small. He works on offshore jobs most of the time, where his room and board are furnished by his employer. He rents a room for $50 a month. His employer furnishes him a 1965 automobile with all expenses paid.
The court noted that there had been no change in the husband’s financial condition since the initial judgment, and found that the husband was able to pay $375 per month. We find no abuse of the trial court’s discretion in this regard.
As to the wife’s needs for the support and maintenance of herself and the child, there is no evidence in the record before us. The testimony in the original alimony hearing was not transcribed; and there is no written opinion or statement of facts by the judge who conducted the initial hearing. In the present rule to reduce the alimony the wife testified, but counsel did not ask any questions as to her maintenance requirements.
 Before this court, counsel for the husband takes the position that the burden was on the wife to have the record of the original alimony proceedings transcribed, or to show in the present rule that she needs $375 per month. We cannot agree with this argument. A party seeking to change a prior alimony judgment has the burden of proving facts requiring such a change. St. Julien v. LeBlanc, 146 So.2d 296 (3rd Cir. 1962). The original judgment is presumed correct until the necessity for a change is shown.
One of the husband’s arguments on appeal is that the wife has an independent income of $185 a month. The record does not support this contention. The wife testified that her 2 children by a prior marriage did at one time receive $136 per month from the Social Security Administration, and $50 per month from the Veterans Administration, for the children’s support and maintenance following their father’s death. But one of the children has now enlisted in the Navy and the payments for him will be stopped or reduced. In any event, these sums are for the support of these 2 children and do not constitute independent income to the wife for purposes of these proceedings.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant appellant.
Affirmed.