BLANCHE, Judge.
Plaintiff-appellant, Lois LaCour Rachal, filed suit against her husband, defendant-appellee, James Clyde Rachal, for a separation. In the absence of Judge Thomas B. Pugh, Judge of The Family Court in and for the Parish of East Baton Rouge, the rule for custody, alimony and child support was heard by Judge Elven E. Ponder, a Judge of the Nineteenth Judicial District Court. On July 20, 1970, after a hearing thereon, judgment was read and signed by Judge Ponder granting unto plaintiff the care and custody of her two minor children and condemning the defendant to pay unto her as alimony for her support and for the maintenance and support of the minor children the sum of $100 every two weeks commencing on August 1, 1970. The defendant paid the first installment due but failed to pay the installment due on August 15. On August 27, 1970, plaintiff ruled the defendant into court on a rule to show cause why he should not be held in contempt of court for his failure to comply with the judgment of the court. The defendant answered the rule seeking a reduction in the amount of alimony and child support. Following the filing of this rule, the plaintiff then went to court on September 2, 1970, and obtained a judgment of separation from the defendant, said judgment having been signed the following day by Judge Pugh maintaining in full force and effect the alimony and support previously granted by Judge Ponder. The rule for contempt filed by plaintiff on August 27 came on for hearing on September 17, 1970. After trial thereof, Judge Pugh found that there had been a change in the defendant’s circumstances since the judgment on the rule rendered by Judge Ponder on July 20, 1970, and accordingly reduced the alimony and child support from $100 every two weeks to $75 every two weeks. Plaintiff prosecutes this appeal only from that portion of the judgment reducing the alimony and child support.
The trial judge, in comdemning defendant to pay the sum of $100 every two weeks, made no distinction as to which part of the payment was due the wife as alimony and as to which part was due the children for their support. However, since the evidence discloses that there was neither a change in the circumstances of' the wife, children or husband since either the initial award by the trial judge on the rule or on the judgment of separation, the ini *562 tial amount awarded will be reinstated and the judgment which reduced the same will be reversed.
To entitle a party to a change in an award for either alimony or child support, it is incumbent upon the party seeking to change or to rescind the prior award to show that there has been a change in circumstances which warrants the modification or rescinding of the award, and the original judgment is presumed to be correct until justification for rescinding or modifying that judgment is shown. St. Julien v. LeBlanc, 146 So.2d 296 (La.App. 3rd Cir. 1962); Keneson v. Madeley, 185 So.2d 868 (La.App. 3rd Cir. 1966); McNeill v. McNeill, 223 So.2d 709 (La.App. 4th Cir. 1969); McMath v. Masters, 198 So.2d 734 (La.App. 3rd Cir. 1967).
The evidence in the instant suit shows that from the time Judge Ponder initially made the award of alimony and child support in plaintiff’s favor to the time of the hearing of the contempt rule when Judge Pugh reduced the same, less than two months had elapsed. In fact, only fourteen days had elapsed from the time Judge Pugh granted the separation when he awarded the plaintiff the same judgment for alimony and support as did Judge Ponder. Whether a change of circumstances occurred from the first or second judgment is of no moment, as there was no change in the circumstances of any of the parties during the entire period. From the very first until the judgment was reduced, the plaintiff wife was unemployed, the children had the same needs, and the defendant was nervous and had the same job at the same pay except for some evidence that he missed a few days because the impending litigation between him and his wife kept him nervous and upset.
The only testimony concerning defendant’s emotional distress since the separation came from the defendant and his brother-in-law with whom he was then living. The defendant testified that he might go back to the hospital (East Louisiana State Hospital at Jackson, Louisiana) because of his emotional distress. Evidently, the trial judge was impressed with this testimony, as he observed: “I think he’s going back to Jackson if we leave it like it [alimony and support] is.” (Record, p. 122) Except for the defendant’s testimony that he might go back to Jackson, there is no other evidence in the record to support the trial judge’s observation. The only inquiry being whether change in the defendant’s circumstances had occurred since the award for alimony and child support, it was an abuse of discretion for the judge to base a change in the award on the defendant’s nervous condition[1] when it was not shown to have any material effect on his ability or means to provide for his wife and children.
For the above and foregoing reasons, that portion of the judgment rendered on September 17, 1970, and signed on September 22, 1970, which reduced the alimony and child support to the sum of $75 every two weeks is reversed, and the judgment on the rule signed on July 20, 1970, awarding plaintiff in rule $100 every two weeks, which said judgment was incorporated in the judgment of separation dated September 3, 1970, is reinstated, all costs to be paid by appellee.
Reversed and rendered.

. It is alleged in defendant’s answer that his wife put him in East Louisiana State Hospital and left with the children for Natchitoches, Louisiana. It was also alleged that his nervous condition had caused a reduction in liis income. (Defendant’s Answer and Reconventional Demand [filed on August 26, 1970], paragraphs 15, 19 and 20, Record, pp. 10, 11).